The STATE of Ohio, Appellee,

v.

NIELSEN, Appellant.

[Cite as *State v. Nielsen* (1990), 66 Ohio App.3d 609.]

Court of Appeals of Ohio,
Huron County.

No. H–89–43.

Decided June 29, 1990.

*Reese M. Wineman,* for appellee.

*George C. Ford,* for appellant.

*Per Curiam.*

This case is before the court on appeal from the Norwalk Municipal Court, wherein appellant, Allen L. Nielsen, was found guilty of domestic violence by a jury. The facts giving rise to this appeal are as follows.

On April 14, 1989, appellant and his wife, Diane Nielsen, began arguing about their pending divorce. Because appellant suspected that Diane was concealing a tape recorder in her purse to secretly tape their private conversations, appellant grabbed Diane's purse and emptied its contents onto the floor. At trial, appellant testified that in an attempt to retrieve her purse, Diane scratched appellant on the leg and then fell to the floor. In contrast, Diane testified that appellant grabbed both of her arms and threw her to the floor, causing her injury.

On April 17, 1989, Diane Nielsen filed a complaint against appellant alleging that appellant "did knowingly cause or attempt to cause physical harm to a family or household member" in violation of R.C. 2919.25. Appellant was found guilty by a jury on July 20, 1989. He was sentenced to a suspended term of ninety days and he was ordered to pay a $300 fine. It is from this judgment that appellant appeals, setting forth the following assignments of error:

"1. The conviction should be overturned and the case remanded because the court failed to charge the jury on the issue of self-defense.

"2. The conviction should be reversed and the case remanded because the prosecutor improperly asserted in his closing argument about what was necessary for conviction."

In his first assignment of error, appellant contends that the court erred in failing to instruct the jury on the issue of self-defense. Conceding that no objections were made to the jury instructions as given by the court, appellant contends that the court's failure to charge the jury on the issue of self-defense constituted plain error. In support of this assignment of error, appellant contends that his testimony at trial clearly raised the issue of self-defense.

"A claimed error not objected to will not be noticed on appeal unless it rises to the level of plain error." *State v. Bock* (1984), 16 Ohio App.3d 146, 150, 16 OBR 154, 158, 474 N.E.2d 1228, 1233. More specifically, an appellant's failure to object to jury instructions constitutes a waiver of any claim of error unless the absence of such instruction rises to the level of plain error. *State v. Underwood* (1983), 3 Ohio St.3d 12, 3 OBR 360, 444 N.E.2d 1332, syllabus; see, also, Crim.R. 30. The standard of review for plain error is as follows:

"To rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice." *State v. Bock, supra,* at 150, 16 OBR at 158, 474 N.E.2d at 1233.

The plain error rule, which would allow this court to consider errors which were not raised below, should only be invoked with the utmost caution and under exceptional circumstances. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804.

In *Bucyrus v. Fawley* (1988), 50 Ohio App.3d 25, 552 N.E.2d 676, the Third District Court of Appeals addressed the issue of self-defense instructions in a domestic violence case. That court held:

"A trial court is not required to instruct the jury on self-defense in every case where it is attempted to be presented. The defendant must first present

sufficient evidence at trial to warrant such an instruction." *Id.* at 26, 552 N.E.2d at 677.

The Ohio Jury Instructions provide the following instruction on self-defense using less than deadly force:

"The defendant is justified in using some force in self-defense when he reasonably believes that such conduct is necessary to defend (himself) (another) [ (his) (his family's) property] against the imminent use of unlawful force and if the force used was not likely to cause death or great bodily harm." 4 Ohio Jury Instructions (1987) 83, Section 411.31(4).

We note at the outset that appellant claims that his testimony at trial "clearly" raised the self-defense issue. However, in his testimony, appellant never once acknowledged using any force, in self-defense or otherwise, against Diane Nielsen. The record in its entirety shows that the unarmed Diane Nielsen did not present a physical threat serious enough to warrant a jury instruction on the issue of self-defense. Accordingly, the court's failure to instruct the jury on the issue of self-defense does not rise to the level of plain error and appellant's first assignment of error is found not well taken.

■ In his second assignment of error, appellant contends that the prosecutor incorrectly explained the elements of domestic violence to the jury. Appellant seems to contend that under R.C. 2919.25, a defendant cannot be found guilty of domestic violence if the victim does not sustain injury or if the victim is merely "shoved" by the defendant.

The Supreme Court of Ohio has adopted the following test regarding prosecutional misconduct in closing argument: "whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant." *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 14 OBR 317, 318, 470 N.E.2d 883, 885. R.C. 2919.25(A) provides in part:

"No person shall knowingly cause or attempt to cause physical harm to a family or household member."

Our review of the record shows that the prosecutor did not misstate the elements of domestic violence. In his closing argument, the prosecutor correctly explained that a defendant can be found guilty of domestic violence even if the victim sustains only minor injuries. We note that R.C. 2919.25 does not require the state to prove that a victim has sustained actual injury since a defendant can be convicted of domestic violence for merely *attempting* to cause physical harm to a family member. Accordingly, we do not find that appellant's substantial rights have been violated and appellant's second assignment of error is found not well taken.

On consideration whereof the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Norwalk Municipal Court is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., ABOOD and MELVIN L. RESNICK, JJ., concur.