OPINION
 "ASSIGNMENTS OF ERROR"
 "I. WAS THERE SUFFICIENT EVIDENCE PRESENTED BY THE STATE TO JUSTIFY THE APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE?
 "II. DID THE COURT ERR AS A MATTER OF LAW IN DENYING THE APPELLANT'S REQUEST FOR A CONTINUANCE?"
As the result of a domestic dispute with his wife, appellant was charged with violation of R.C. 2919.25(C), domestic violence. The record reflects that the attorney originally representing appellant requested at least one continuance. In her request for a continuance, appellant's current counsel argued to the trial court that she was retained by appellant in April 1997 for divorce proceedings and only began to represent the appellant in the case sub judice just prior to the trial. The trial court denied the continuance. Appellant's wife, two police officers and appellant testified at the trial to the bench. Appellant denied ever threatening his wife. The trial court found appellant guilty and sentenced him to thirty days but suspended the jail sentence and placed appellant on probation for three years; as a condition of probation, appellant had to enter and complete a domestic violence program. Appellant filed a timely notice of appeal.
In his first assignment of error, appellant argues that there was not sufficient evidence presented by the state to support his conviction for domestic violence.[1] Appellant argues that the record does not support that he, by threat of force, knowingly caused his wife to believe that he would imminently harm her.
Applying the standards for appellate review as set forth in State v. Thompkins (1997), 78 Ohio St.3d 380, 386,[2] andState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus,[3] and after a thorough review of the record we conclude, viewing the evidence in a light most favorable to the prosecution, that any rational trier of fact could have found the essential elements of domestic violence proven beyond a reasonable doubt. Cincinnati v. Baarlaer (1996), 115 Ohio App.3d 521, 525;State v. Nielsen (1990), 66 Ohio App.3d 609.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erred in denying his motion for continuance. An appellate court should not reverse the denial of a continuance unless there has been an abuse of discretion. State v. Unger
(1981), 67 Ohio St.2d 65, 67. The court held that "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." In this case, appellant had requested and been granted four continuances prior to his attorney requesting that the June 10, 1997 trial be continued. The record shows that appellant's counsel did not offer any specific reason for the requested continuance aside from not having been able to adequately prepare for trial. "When a continuance is denied as a consequence of defense counsel's tactical design, a trial court is under no duty to adapt its schedule to accommodate this strategy." Id., syllabus.
Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Perrysburg Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Richard W. Knepper, J.
CONCUR.
[1] Appellant was charged under R.C. 2919.25(C) which provides:
 "(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
[2] The Ohio Supreme Court stated:
 "Sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law."
[3] The syllabus states:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."