OPINION
This timely appeal arises from a jury verdict convicting Gene Smith, Appellant, of theft of property valued at greater than $300.00 but less than $5000.00 in violation of R.C. § 2913.02
(A) (1). Appellant argues that the trial court erred by refusing to give the jury an instruction on the lesser included offense of "attempted theft" and that Appellant's conviction is against the manifest weight of the evidence. For the reasons that follow, this Court overrules Appellant's objections and affirms the jury verdict.
On December 28, 1995, Appellant was at the Kaufmann's department store located in the Fort Steuben Mall, Steubenville, Ohio. (Transcript, p. 108). Lucy Spence, the manager of the store, observed Appellant carrying a large plastic bag that appeared to contain merchandise from Kaufmann's. (Transcript, p. 73). Ms. Spence testified that, based on her conversation with Mary Leatherbee, a security guard employed at Kaufmanns, she believed that Appellant was stealing the store's merchandise. (Transcript, pp. 71-73). As Appellant was exiting Kaufmann's, Ms. Spence attempted to get Appellant's attention by yelling out, "Excuse me." (Transcript, p. 73). When Appellant did not respond, Ms. Spence again called out to him. At this point, Appellant stopped outside the store and turned to face Ms. Spence. Ms. Spence grabbed the bag Appellant was holding and requested that Appellant come back into the store with her. Appellant refused and pulled the bag away from Ms. Spence causing it to split open and its contents to fall to the floor. (Transcript, p. 73). Appellant immediately fled. A customer, Charles White, witnessed Appellant's confrontation with Ms. Spence as well as Appellant's subsequent flight. Mr. White walked to Kaufmann's and told Ms. Spence that he had been a witness to the entire event and could identify the person as someone who went to his church. (Transcript, p. 108)
Based in part on the identification provided by Mr. White, Appellant was indicted on November 15, 1995, by the grand jury of Jefferson County, Ohio on one count of theft of property, the value of which was greater than $300.00 but less than $5000.00. Appellant was arraigned on November 22, 1995, where he was appointed counsel and entered a plea of not guilty.
The case proceeded to jury trial on December 28, 1995. At the end of closing arguments, Appellant requested that the jury be given an instruction regarding attempted theft, which is a lesser included offense to the crime for which he was tried. The trial judge refused this request. (Transcript, pp. 151 152). After the trial judge instructed the jury as to the relevant law, the prosecutor and counsel for Appellant were given the opportunity to request a supplemental instruction or to seek a modification or correction of the instructions given. The record reflects that Appellant never objected to the trial court's refusal to instruct the jury as to attempted theft. (Transcript, pp. 152, 165)
The jury returned a unanimous guilty verdict against Appellant. (Journal Entry, Dec. 29, 1995). As a result of the jury verdict, the court sentenced Appellant to a definite prison term of eighteen months. On January 3, 1996, Appellant filed a timely notice of appeal. The record pertaining to this case was not filed with this Court until March 22, 1996 and several further delays ensued. Appellant's original appellate counsel died in the spring of 1997 and after several continuances requested by Appellant, his brief was finally filed on February 16, 1998. Appellant's first assignment of error provides as follows:
 "THE TRIAL COURT ERRED IN REFUSING TO GIVE THE JURY THE REQUESTED INSTRUCTION ON ATTEMPT."
Appellant argues that there was evidence that he never exited the store with the merchandise and that his actions reflect merely a thwarted attempt at theft. Appellant suggests that it was appropriate for the jury to consider whether the crime of theft or the lesser included offense of attempted theft took place and that it was reversible error for the trial judge to fail to instruct the jury accordingly.
This Court notes that Appellant offered no objections on the record when the trial judge declined to instruct the jury as to attempted theft. Crim.R. 30 (A) provides as follows:
 "On appeal, A party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection."
As Appellant failed to object to the trial court's refusal to instruct the jury on attempted theft, this Court will reverse the decision of the trial court only if the refusal to give the requested jury instruction rises to the level of plain error.State v. Nielsen (1990), 66 Ohio App.3d 609, 611. The standard of review for plain error is as follows:
 "To rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for that error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice."
Nielsen, supra, citing, State v. Brock (1984),16 Ohio App.3d 146, 150.
Appellant's requested instruction on the lesser included offense of attempted theft was properly rejected by the trial court. The Ohio Supreme Court has held that an instruction on a lesser included offense is proper only if the evidence presented at trial would reasonably support an acquittal on the crime charged and a conviction on the lesser included offense. State v.Thomas (1988), 40 Ohio St.3d 213, 216.
The elements of theft are: 1) knowingly obtaining possession of or exerting control over property, 2) with the purpose to permanently deprive the owner of possession of such property, 3) without the owner's consent. See, R.C. 2913.02. An attempt is defined as engaging in conduct which, if successful, would result in a criminal offense. See R.C. 2923.02 (A).
The evidence produced at trial would not reasonably support an acquittal on the theft charges and a conviction on attempted theft. See, Thomas, supra. Appellant never argued or presented evidence that it was an attempted crime. His entire defense was based on a theory of mistaken identity by the witnesses.
If we accept Appellant's argument, the jury would have been presented with two conflicting versions of the incident. Appellant argued that he was not the person at Kaufmann's struggling with the manager and yet wished to have the jury consider that he was holding Kaufmann's stolen merchandise, but was just not successful in his attempt to remove merchandise from the store. It is axiomatic that a trial court should not give conflicting or inconsistent jury instructions. State v. Grace
(1976), 50 Ohio App.2d 259, 261, citing, 4 Ohio Jurisprudence 2d 283, Appellate Review, Sec. 998. Accordingly, Appellant's first assignment of error is hereby overruled.
Appellant's second assignment of error asserts:
 "THE VERDICT OF THE TRIAL COURT THAT APPELLANT WAS GUILTY OF THE CRIME OF GRAND THEFT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant, in his second assignment of error, argues that the evidence produced at trial demonstrates that Appellant is guilty only of attempted theft, not grand theft. This argument is based on Appellant's assertion that he was unsuccessful in removing the merchandise from the premises of Kaufmann's.
When reviewing an Appellant's claim that a verdict was against the manifest weight of the evidence, it is not the role of the appellate court to weigh the evidence presented at trial or to judge the credibility of the witnesses. State v. Clay (1973),34 Ohio St.2d 250, 251. The proper role of this Court involves:
. . . examining the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
State v. Jenks (1991), 61 Ohio St.3d 259. As such, this Court will not reverse a jury verdict unless the record demonstrates that the jury clearly lost its way and that a miscarriage of justice has occurred. State v. Martin (1983), 20 Ohio App.3d 172,175. Our discretionary power to reverse a verdict and grant a new trial will only be exercised in those exceptional cases. Id.
This matter does not present one of those exceptional cases. The State presented evidence that Appellant had a large Kaufmann's bag containing merchandise for which Appellant did not pay. (Transcript, pp. 73, 108). The manager of the store testified that she confronted Appellant when he stepped into the main area of the mall with that bag of unpaid merchandise. (Transcript, p. 73). It was at this point that the struggle occurred, the bag ripped open and Appellant fled the scene. (Transcript, p. 73). Immediately thereafter, an eyewitness approached the manager and identified Appellant as the thief. (Transcript, p. 108).
The weight of this evidence is enough to convince the average mind that Appellant committed the crime as charged and that each of the elements of the crime was proven beyond a reasonable doubt. Appellant's second assignment of error is overruled.
Finding no merit in either of Appellant's assignments of error, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
Cox, P.J., concurs.
APPROVED:
 __________________________________ CHERYL L. WAITE, JUDGE