Opinion
Defendant-Appellant Albert Mossbarger appeals from the judgment of the court below, which, following a bench trial, convicted him of domestic violence in violation of R.C. 2919.25(A). In his sole assignment of error, appellant alleges:
 I. THE JUDGMENT OF CONVICTION OF THE DEFENDANT BY THE PIKE COUNTY COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant lived in rural Pike County with his wife, Robin Mossbarger. On the evening of June 29, 1998, appellant returned home after drinking with a high school friend. A dispute arose between appellant and his wife.
Robin Mossbarger testified that she tried to call her mother, but appellant grabbed her by the throat, choking and shoving her. She testified that she fled the residence in her nightgown, driving to the house of her father-in-law (appellant's father) for help.
Appellant testified that he returned home that evening to an immediate argument with his wife. He admitted that he had consumed eight or nine beers. He testified that he attempted to walk away from his wife, but she went to the telephone with the stated purpose of calling the police. He hung up the telephone, at which point she left the residence. He also left for his father's place, to find that his wife was already there.
Lieutenant Blanton of the Pike County Sheriff's Department testified that when he arrived that evening at the residence of appellant's father, Dale Mossbarger, both appellant and his wife were there. Lieutenant Blanton testified that Robin Mossbarger was crying, upset and fearful, and her hair "muddled." He did not observe any marks on her neck or other signs of injury. He also testified that he did not notice how she was dressed.
Dale Mossbarger's testimony did not corroborate the testimony of Deputy Blanton. He testified that Robin Mossbarger was "always extremely nervous." He further testified that she arrived at his house with just her nightgown on but also had her cigarettes and a lighter. He did not see her crying but testified she was "whining," that she was "always complaining about something."
At the conclusion of the trial, the court found the appellant guilty as charged, sentenced appellant to one hundred eighty days in the Pike County Jail and fined him $250. The court suspended the jail sentence and $125 of the fine, but placed the appellant on probation for five years. Appellant filed a motion for a new trial, which was overruled by the trial court on November 19, 1998. It is from this order that the appellant filed his timely appeal.
In determining whether a criminal conviction is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 2218, 72 L.Ed.2d 652, 661. The Supreme Court of Ohio set forth the standard of review as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546, citing State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-721
In deciding whether a conviction is against the manifest weight of the evidence, an appellate court determines whether the state has appropriately carried its burden of persuasion. A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. The only special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact. State v.Thompkins, 78 Ohio St.3d at 390, 678 N.E.2d at 549 (Cook, J., concurring), citing State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
Appellant argues that the state failed to establish that the appellant caused physical harm to Robin Mossbarger. The state need not prove actual injury where a defendant is charged with domestic violence. R.C. 2919.25(A) states that "no person shall knowingly cause or attempt to cause physical harm to a family or household member." Thus, physical harm is not an essential element of the crime because a "defendant may be convicted of domestic violence for merely attempting to cause physical harm to a family member." State v. Nielsen (1990), 66 Ohio App.3d 609,612, 585 N.E.2d 906, 908. (Emphasis sic.)
Appellant concedes the state may obtain conviction if they establish that he attempted to cause physical harm to his wife. However, he argues that the state must also establish that he knowingly attempted to cause his wife physical harm.
R.C. 2901.22(B) defines "knowingly" as follows:
 A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
A person acts knowingly when he knows conduct will probably cause a certain result. Something is "probable" when there is more reason for expectation of belief than not. In our review, we must determine whether the evidence was sufficient for reasonable minds to conclude that appellant knowingly caused or attempted to cause physical harm to his wife.
Admittedly, Robin Mossbarger's testimony is at times contradictory. For example, it is difficult to tell from the trial transcript exactly when the incident occurred on the night of June 29, 1998. However, appellant admitted taking the telephone from her hands. Appellant admitted to being under the influence that evening. Appellant's father confirmed that the couple had been arguing that evening and that Robin appeared to be upset, although he attributed different reasons for her appearance than Deputy Blanton did.
The reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and to weigh the evidence. State v. DeHass, 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. We have reviewed the entire record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses. We cannot say that the trier of fact, in resolving conflicts in the evidence, "lost his way." We find that substantial evidence was introduced at trial which supports appellant's conviction in this case. Furthermore, appellant has clearly failed to present any argument in support of his assignment of error which brings his case within the ambit of that exceptional case where the evidence weighs heavily against conviction, as is required for us to find for the appellant in the case sub judice. See Thompkins, supra.
Accordingly, appellant's sole assignment of error is OVERRULED and the judgment of the trial court is AFFIRMED.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J.: Concurs in Judgment and Opinion, HARSHA, J.: Concurs in Judgment Only.
 ________________________ DAVID T. EVANS, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.