OPINION AND JOURNAL ENTRY
On May 30, 2000, this Court affirmed the conviction and sentence of Martin E. Bolton, Sr., Appellant herein, on one count of felonious sexual penetration and six counts of sexual battery. We affirmed, as well, the trial court's determination that Appellant is a sexual predator pursuant to R.C. Chapter 2950.
On August 18, 2000, Appellant filed what his new counsel has styled as an Application for Reopening Pursuant to Appellate Rule 26(B), which application was opposed by the State of Ohio on September 1, 2000.
Rule 26(B)(2)(c) of the Appellate Rules of Procedure state that, in order to file for such reopening of an appeal based on ineffective assistance of counsel, the appellant must include in the application,
 "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation[.]"
To that end, Appellant raises generally that his appellate counsel failed to allege that his trial counsel was ineffective, thus, this omission was, in itself, proof of the appellate counsel's ineffective assistance. In support, Appellant claims that our earlier opinion was, "rife with examples where trial counsel's conduct fell below an objective standard of reasonableness and should have been raised by appellate counsel." Application, p. 3. Appellant then discusses those areas in which he believes trial counsel's conduct fell below the standard enunciated in Strickland v. Washington (1984), 466 U.S. 668, 687.Strickland requires not only proof that counsel's performance was deficient, but also that Appellant must prove that, but for this deficient performance, the result of the appeal would have been different. In this discussion, Appellant in brief and general fashion raises five matters: that Appellant's trial counsel failed to properly object to certain hearsay or other evidence, failed to timely disclose the name of a defense witness, failed to properly object to refusal to suppress certain evidence, failed to challenge the sufficiency of the evidence and failed to insist that the trial court hold an entirely separate hearing as to his status as a sexual predator. Important to our review of the application is that Appellant does not allege that the record is incomplete in any fashion. Further, as earlier stated, Appellant relies heavily on our discussion of these matters in our earlier Opinion when raising them in his application.
What Appellant apparently forgets in his application is that, in order to be granted a reopening, the rule requires that he raise issues which were incompletely addressed by us or which were not addressed at all. In his application he admits that we addressed each of these matters in our underlying Opinion. We are forced to agree from the record that Appellant's trial counsel, in all of the instances discussed, failed to properly or timely raise or object to the five matters contained within the application. Thus, when all of the above was presented to this Court in the underlying appeal, we reviewed these matters on a "plain error" basis. Pursuant to Crim.R. 52(B), we are permitted to address plain errors which affect substantial rights such as those alleged at present even though they were not properly brought to the attention of the trial court. As we stated in May of 2000, in order to rise to the level of "plain error", "it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise. . ." State v. Smith (Oct. 28, 1999), Jefferson App. No. 96 JE 1, unreported, 2, quoting State v.Nielsen (1990), 66 Ohio App.3d 609, 611. A review of plain error, then, contains the same "but for" analysis required by Strickland infra, in a review of ineffective assistance.
Turning to our original Opinion herein, it can be readily discerned that we have, once before, fully addressed each and every issue raised by Appellant. While we expressed our concern that certain of these matters were not raised properly to the trial court, in our thirty-two page analysis we were forced to conclude that these failures in no way affected the outcome of the trial. Appellant, despite the perceived shortcomings of his trial counsel, was properly convicted based on the record. Further, while a completely separate hearing as to Appellant's status as a sexual predator is contemplated by statute, where, as here, there is abundant evidence on the record to support the trial court decision, this lack of full-blown rehearing in no way prejudiced Appellant, see pages 27-32 of the Opinion dated May 30, 2000.
For all of the foregoing, Appellant's Application for Reopening falls far short of the requirements of App.R. 26(B) and must hereby be denied.