OPINION
This timely appeal arises from the trial court's judgment finding Appellant, William M. Cole, guilty of violating R.C. §2907.02(A)(1)(b), rape of another person less than thirteen years of age. For the following reasons, we affirm the judgment of the trial court.
On or about February 2, 1998, Appellant was babysitting two of his own children and three of his nieces. (Tr. pp. 280, 284). Ashley Meyers, his six year old niece, was the oldest of the five children. (Tr. p. 305). At one point, Appellant was alone in the house with Ashley. (Tr. p. 314). According to Appellant, Ashley needed a bath. (Tr. p. 288). Ashley took her clothes off in the bathroom while Appellant ran the bath water. (Tr. p. 288). Ashley testified that Appellant hurt her "butt" with his penis. (Tr. p. 135). About one week later Ashley's mother learned of the incident and reported the matter to the sheriff's department. (Tr. pp. 105-106).
Detective Donald Nippert and Olen Martin, Chief of Investigations and Operations for the Belmont County Sheriff's Department, interviewed Appellant. (Tr. pp. 158-159). Both Nippert and Martin read Appellant his Miranda rights before the interview. (Tr. p. 160). Appellant signed and initialed a notice and waiver of rights form. (Tr. p. 161). Appellant also wrote a voluntary statement while at the sheriff's department. (Tr. p. 165). Appellant wrote, "I told her to get a washcloth and I washed her butt. And I then put my finger in her butt." (Tr. p. 168). Appellant went on to write, "I think I got the idea to touch Ashley that way when we were in the bathroom and she was bent over and I was washing her butt. This should not have happened and will not happen again." (Tr. p. 170). Appellant stated during the interview that he touched Ashley with his finger rather than his penis. (Tr. p. 242). Appellant also stated that he did not insert his finger very far. (Tr. p. 243).
On March 5, 1998, Appellant was indicted on one count of rape in violation of R.C. § 2907.02(A)(1)(b). On March 12, 1998, Appellant appeared in the trial court and entered a plea of not guilty. Jury trial commenced on June 25, 1998, where Appellant testified in his defense. Appellant testified on direct examination that in his prior statement to police, he did not mean that he inserted his finger into Ashley's anus. (Tr. p. 299). Rather, Appellant testified that he meant that he put his finger between Ashley's buttocks. (Tr. p. 299). In addition, the following exchange occurred on cross examination:
"Q. You stuck your finger in her butt.
"A. I didn't stick it all the way in.
"Q. I'm sorry, can you repeat that?
"A. I didn't stick it all the way in.
"Q. What?
 "A. I didn't stick it like all the way in. I just touched her.
"Q. How far in did it go, William?
"A. I assume maybe it was my finger tip, if that. It wasn't far.
"Q. What kept you from putting more in?
 "A. She said it hurt; told me to stop. She was going to tell her mom." (Tr. p. 323).
On June 26, 1998, the jury returned a guilty verdict and on July 1, 1998, the trial court filed a journal entry sentencing Appellant to ten years incarceration. On July 28, 1998, Appellant filed his notice of appeal.
Appellant's first assignment of error alleges:
 "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN PERMITTING THE MINOR CHILDREN TO TESTIFY."
Appellant argues that the trial court erred when it allowed the victim and her sister, both of whom were under the age of ten, to testify against Appellant. Appellant notes that according to Evid.R. 601, children less than ten years of age are competent to testify unless they appear incapable of receiving just impressions of the facts and transactions on which they are examined or of relating them truly. Appellant also admits that the trial court followed the correct procedure to determine the competency of the children to testify. However, Appellant contends that the court's questioning of the children was insufficient. Appellant believes the record does not establish the children understood the nature of an oath or that they could truthfully relate impressions from events that happened a few months earlier. Appellant also argues that the record does not prove the children were competent to testify at the time of the incident itself. Appellant further alleges that even if the children were competent to testify, the children's mother coached them. Appellant based this argument on evidence that Ashley did not tell anyone about the incident until a week after it occurred rather than the next day and that Ashley's mother told Ashley about the word penis. Based on the record before us, we find that this assignment of error lacks merit.
Our review of the transcript reveals that Appellant did not object to the competency of the children to testify. Failure to object to the testimony of a witness constitutes a waiver of all but plain error. Statev. Lindsey (2000), 87 Ohio St.3d 479, 482; Crim.R. 52(B). "To rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice." State v.Nielsen (1990), 66 Ohio App.3d 609, 611. Notice of plain error is to be taken with great caution under exceptional circumstances, and then only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
In determining whether a child under ten years of age is competent to testify, a trial court must consider:
 "* * * (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful."
 State v. Allard (1996), 75 Ohio St.3d 482, 496. The determination of a child's competency to testify is within the sound discretion of the trial court and such ruling will not be overturned absent an abuse of discretion. Id. The term "abuse of discretion" connotes more than an error of judgment; it implies that the attitude of the court was unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
Prior to trial in the present case, the trial court questioned the children to determine their competency to testify. (Tr. pp. 20-29). Most importantly, the trial court developed that the children were able to distinguish truth from falsity and that the children's testimony would be truthful. Therefore, the trial court's determination that the children were competent to testify was not unreasonable, arbitrary or unconscionable.
We note also that Appellant's argument that the children were not competent at the time of the incident lacks merit. Competency to testify, pursuant to the Rules of Evidence, "* * * addresses competency as of the time of trial, not as of the time at which the incident in question occurred." State v. Clark (1994), 71 Ohio St.3d 470, 470-471. The question of whether a child witness was competent at the time that the events about which she will testify occurred is actually a question of credibility to be decided by the trier of fact. Id., 471. The issue is properly addressed on cross examination to determine the child's ability to accurately recall events. Id. We note, also, that whether the witnesses were coached by their mother and issues surrounding the timeliness of Ashley's revelation of the incident are also matters of credibility properly addressed by the trier of fact.
We find no error in the trial court's decision to permit the children to testify. Accordingly, we must overrule Appellant's first assignment of error.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FAILING TO INSTRUCT THE JURY ON GROSS SEXUAL IMPOSITION AS A LESSER INCLUDED OFFENSE."
Appellant insists that he requested a jury instruction on the lesser included offense of gross sexual imposition but that the court refused to so instruct, stating that Appellant made no such request. Appellant argues that the trial court completely disregarded his defense that there was no penetration of the victim's anus. Appellant claims that his testimony may have established "sexual contact" but not "sexual conduct." Again, we find from the record that this assignment of error lacks merit.
The record reveals that Appellant did not object to the trial court's failure to give an instruction on gross sexual imposition. Appellant made only one objection to the jury instructions regarding the definition of "sexual conduct." (Tr. p. 332). Following the resolution of that issue, Appellant's counsel inquired of the trial court, "[t]here will be no lesser included instructions, then?" (Tr. p. 334). The trial court responded that there was no request for such instructions and that Appellant's testimony did not conform to the lesser included offense. (Tr. p. 334). Appellant's counsel replied, "[o]kay, thank you." (Tr. p. 334).
Crim.R. 30 of the Ohio Rules of Criminal Procedure provides that a party may not assign as error the failure to give jury instructions unless he objects before the jury retires to consider its verdict. Appellant has therefore waived the right to appeal based on the issue absent plain error. State v. Underwood (1983), 3 Ohio St.3d 12, 13. As noted earlier, "[t]o rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice." State v. Nielsen, supra, 611. There is no error in the record on this issue.
An instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense. Statev. Carter (2000), 89 Ohio St.3d 593, 600. In the present matter, Appellant was charged with rape in violation of R.C. §2907.02(A)(1)(b) which provides:
 "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
"* * *
 "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
R.C. § 2907.01(A) provides that:
 "`Sexual conduct' means vaginal intercourse between a male and a female, and anal intercourse, fellatio and cunnilingus between persons regardless of sex; and the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
Gross sexual imposition is a lesser included offense of rape. State v.Tillman (1997), 119 Ohio App.3d 449, 455. R.C. § 2907.05, Ohio's gross sexual imposition statute provides:
 "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
"* * *
 "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
R.C. § 2907.01(B) provides:
 "`Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
As noted earlier, in his statement to police which was entered into evidence, Appellant admitted to inserting his finger in Ashley's anus. (Tr. p. 168). Appellant's testimony at trial also indicates that he inserted his finger into Ashley's anus. Appellant admitted that, "I didn't stick it all the way in * * * I assume maybe it was my finger tip, if that. It wasn't far." In light of Appellant's admissions to sexual conduct with a child under thirteen years of age by inserting his finger, the evidence does not reasonably support an acquittal on the original charge of rape.
Appellant does not deny touching Ashley and maintains on appeal that his testimony established "at best" sexual contact rather than sexual conduct. Appellant essentially testified that touching Ashley was necessary as he was bathing her and that his finger was merely placed between her buttocks. (Tr. p. 313). This assertion, however, is not consistent with a finding of sexual contact as it does not embrace the notion that the touching was for the purpose of sexual arousal. If the jury were to believe Appellant in this regard, it would have to acquit Appellant of both rape and gross sexual imposition. Accordingly, the trial court committed no error in failing to instruct the jury on the lesser included offense and we must overrule Appellant's second assignment of error.
Appellant's third assignment of error alleges:
 "THE JUDGMENT OF CONVICTION OF RAPE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant contends that the record lacks sufficient, competent proof of guilt. Appellant again advances that Ashley was coached by her mother. Appellant also argues that the investigating officers used false and misleading tactics to coerce a statement from Appellant. Finally, Appellant challenges his conviction based on a lack of physical evidence of anal rape. Once again, however, our review of the record before us reveals that this assignment of error lacks merit.
The issue as to whether a trial court judgment is against the manifest weight of the evidence was addressed in State v. Thompkins (1997),78 Ohio St.3d 380. The court distinguished between the sufficiency of the evidence and the weight of the evidence. Id., 386. "[S]ufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally insufficient to support the jury verdict as a matter of law." Id., quoting Black's Law Dictionary (6 Ed. 1990) 1433, and Crim.R. 29(A). "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v.Thompkins, 386, citing State v. Robinson (1955), 162 Ohio St. 486.
Even though a reviewing court may find that the trial court decision should be upheld as to the sufficiency of the evidence, that court can still find that the decision was against the manifest weight of the evidence. State v. Thompkins, 387 citing State v. Robinson, 487.
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'"
 State v. Thompkins, 387 quoting Black's supra, 1594.
When reviewing a trial court decision on the basis that the verdict was against the manifest weight of the evidence, a court of appeals acts as a "thirteenth juror," especially when it reviews the trial court's resolution of conflicts in testimony. State v. Thompkins, 387 citingTibbs v. Florida (1982), 457 U.S. 31, 42.
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction."
 State v. Thompkins, 387 quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
As reported in Thompkins, and Tibbs, supra, in order to overturn a judgment as against the manifest weight of the evidence, a reviewing court must first decide whether there was sufficient evidence to sustain a guilty verdict. A reviewing court, looking at the record in a light most favorable to the prosecution, must determine whether a rational trier of fact could have found that all elements of the crime charged were presented beyond a reasonable doubt. State v. Filiaggi (1999),86 Ohio St.3d 230, 247.
As stated earlier, R.C. § 2907.02(A) provides:
 "No person shall engage in sexual conduct with another who is not the spouse of the offender or is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
"* * *
 "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
Also as noted earlier, R.C. § 2907.01(A) defines "sexual conduct" as:
 "* * * vaginal intercourse between a male and a female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
At trial, Ashley testified that Appellant was alone with her in the bathroom and that Appellant "hurt her butt" with his penis. (Tr. p. 135). Ashley's testimony was corroborated by her therapist, Dr. Robin Teoli, who testified as an expert witness. Dr. Teoli stated that as part of her treatment, Ashley drew pictures depicting the incident and explained them in detail. (Tr. pp. 52-54). Dr. Teoli identified a picture which Ashley drew depicting herself bent over a toilet with Appellant in the bathroom. (Tr. pp. 53-54). Dr. Teoli stated that Ashley narrated that, "[h]e sticked his penis in my butt. * * * He said bend over the toilet and he sticked his penis in my butt. When he was done, he made me take a bath myself." (Tr. p. 54). Based on this evidence, a rational trier of fact could have found all of the elements of the crime charged beyond a reasonable doubt.
Appellant's admissions through his testimony and statements to police also present sufficient evidence on which to convict him. In his written statement, Appellant stated "* * * I then put my finger in her butt." (Tr. p. 168). He admitted that, "I didn't stick it like all the way in. * * * I'd assume maybe by finger tip, if that. It wasn't far." (TR. p. 243). Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could conclude independently of Ashley's and Dr. Teoli's testimony that all of the elements of the crime of rape had been proven beyond a reasonable doubt.
Having determined that there was sufficient evidence that Appellant committed the crime of rape, we must now determine whether the weight of the evidence supported the jury verdict. In this respect, Appellant merely challenges the credibility of evidence for the reasons stated earlier. It is well settled that judging the credibility of witnesses is primarily the responsibility of the jury. State v. DeHass (1967),10 Ohio St.2d 230, 231. We must defer to the jury, here, as they are in the best position to observe the witnesses and their demeanor, gestures and voice inflections and are entitled to believe or disbelieve any witness. State v. Scott (Mar. 9, 1998), Mahoning App. No. 95 C.A. 140, unreported, citing State v. Antill (1964), 176 Ohio St. 61. In deferring to the advantageous position of the jury, we cannot find that they clearly lost their way in convicting Appellant nor that they created a manifest miscarriage of justice. Accordingly, we overrule Appellant's third assignment of error.
Appellant's fourth assignment of error alleges:
 "THE CONVICTION MUST BE REVERSED SINCE THE APPELLANT WAS DENIED A FAIR TRIAL AND SUBSTANTIAL JUSTICE DUE TO THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
Appellant argues there are at least three instances where the conduct of trial counsel should be deemed ineffective. First, Appellant maintains that trial counsel failed to object to instances of prosecutorial misconduct during the State's opening statement. Appellant asserts that the prosecutor made untimely arguments concerning truth and credibility of witnesses. (Tr. pp. 10, 12).
Second, Appellant contends that he was denied effective assistance of counsel because trial counsel failed to object to the finding of competency or the testimony of the child witnesses. Finally, Appellant claims ineffective assistance of counsel based upon trial counsel's failure to object to the prosecutor's allegedly improper questioning of defense witnesses concerning Appellant's prior arrest record. (Tr. pp. 263, 271). Appellant's arguments as to this issue must also fail, based on the record herein.
On appellate review as to whether a criminal defendant has received adequate representation, the defendant has the burden of proving ineffective assistance. State v. Lott (1990), 51 Ohio St.3d 160, 175. To meet this burden of proof, the defendant must show, "* * * first, that counsel's performance was deficient and, second, that the deficient performance prejudiced his defense so as to deprive the defendant of a fair trial." Id., 174, citing Strickland v. Washington (1984),466 U.S. 668, 687. In order to establish that counsel is deficient, Appellant must demonstrate that his performance fell, "below an objective standard of reasonable representation." State v. Keith (1997),79 Ohio St.3d 514, 534. To then demonstrate that he was prejudiced by this alleged deficient performance, Appellant, "* * * must prove that there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different." Id. In Ohio, a properly licensed attorney is presumed competent. State v. Lott, 175. Moreover, strategic or tactical decisions will not form a basis for a claim of ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 48-49.
All of Appellant's claims here involve his trial counsel's failure to object to certain occurrences. Failure to object does not necessarily constitute ineffective assistance of counsel, as counsel's omission may be a trial tactic. State v. Riffle (1996), 110 Ohio App.3d 554, 557
citing State v. Gumm (1995), 73 Ohio St.3d 413, 428. Where objecting may be appropriate, counsel may decline to do so to avoid unduly drawing the jury's attention to the matter by suggesting it was especially harmful to the defense of the case. State v. Shaw (1999), 134 Ohio App.3d 316, 320.
Regardless, Appellant proffers only a general argument that he was adversely affected by his counsel's claimed errors. Appellant has failed in his essential duty to demonstrate prejudice with proof of a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. See, State v. Keith, supra, 534. Accordingly, we must also conclude that this assignment of error lacks merit.
For all the forgoing reasons, we affirm the judgment and sentence of the trial court.
HON. CHERYL L. WAITE, HON. GENE DONOFRIO, and HON. MARY DEGENARO.