[Cite as *State v. Baker*, 2016-Ohio-3094.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No. S-15-014

    Appellee                                        Trial Court No. 14 CR 932

v.

Patrick D. Baker, Sr.                                 **DECISION AND JUDGMENT**

    Appellant                                      Decided:   May 20, 2016

* * * * *

Geoffrey Oglesby, for appellant.

* * * * *

**YARBROUGH, J.**

## I. Introduction

**{¶ 1}** Appellant, Patrick Baker, appeals the judgment of Sandusky County Court of Common Pleas, sentencing him to 60 months in prison following a jury trial in which he was found guilty of one count of grand theft and two counts of complicity to burglary. We reverse.

## A. Facts and Procedural Background

{¶ 2} On October 29, 2014, appellant was indicted on one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree, one count of complicity to burglary in violation of R.C. 2911.12(A)(2) and R.C. 2923.03, a felony of the second degree, and one count of complicity to burglary in violation of R.C. 2911.12(A)(3) and R.C. 2923.03, a felony of the third degree. In essence, the indictment alleged that appellant was complicit in a burglary that occurred on September 25, 2013, at a Fremont, Ohio residence belonging to Michael Pfeil. According to the indictment, $13,000 in cash and a class ring was stolen from Pfeil's residence.

{¶ 3} After appellant entered his plea of not guilty, the matter proceeded through pretrial proceedings. Ultimately, a jury trial commenced on April 9, 2015. At trial, the state called several witnesses, including Pfeil and two of appellant's alleged accomplices, Shane Heberling and Joshua Shanahan. Appellant did not introduce evidence at trial. At the trial's conclusion, the jury found appellant guilty of all charges. The trial court immediately proceeded to sentencing, where it was determined that the offenses of which appellant was found guilty were allied offenses of similar import. The state elected to sentence appellant on the second degree felony count of complicity to burglary, and the trial court ordered appellant to serve a 60-month prison sentence. Appellant has timely appealed.

## B. Assignments of Error

{¶ 4} On appeal, appellant assigns the following errors for our review:

2.

Assignment of Error No. I: A trial court's sentence of a first time offender is contrary to law and the court abuses its discretion when shortly after a verdict of guilty the court, inter alia, fails to afford the victim an opportunity to make a statement, fails to give the defendant an opportunity to address the court in mitigation of punishment, [and] fails to consider the purposes and principles set forth in R.C. 2929.11, as well as the recidivism factors enumerated in R.C. 2929.12.

Assignment of Error No. II: Appellant had ineffective assistance of counsel when counsel committed numerous errors during the course of the trial.

Assignment of Error No. III: In a multi-count indictment the charging of Count II burglary, in violation of R.C. 2911.12(A)(2) alleging a person "likely to be present" and Count III burglary, in violation of R.C. 2911.12(A)(3) with a jury instruction indicating that a person is not likely to be present, the finding of guilty in Count III of finding that a person not likely to be present negatives and logically excludes a finding of guilty on Count II indicating a person is likely to be present.

Assignment of Error No. IV: The trial court committed plain error when the court failed to give a testifying co-defendant admonition and jury instruction prior to testimony and at the close of the case pursuant to R.C. 2923.03(D).

Assignment of Error No. V: The trial court committed plain error by not giving an instruction on a lesser included offense when the court and the State of Ohio indicated that Count III was a lesser included offense of Count II.

{¶ 5} Because our resolution of appellant's fifth assignment of error is dispositive in this case, we will address that assignment of error at the outset.

## II. Analysis

{¶ 6} In his fifth assignment of error, appellant contends that the trial court committed plain error when it failed to provide a lesser included offense jury instruction despite several references that the complicity to burglary charge in count three was a lesser included offense of the complicity to burglary charge in count two.

{¶ 7} "A criminal defendant has a right to expect that the trial court will give complete jury instructions on all issues raised by the evidence." *State v. Williford*, 49 Ohio St.3d 247, 251, 551 N.E.2d 1279 (1990). Appellant acknowledges that no objection was made at trial. "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Crim.R. 30(A). Thus, we review this assignment for plain error under Crim.R. 52(B). *State v. Turner*, 6th Dist. Wood No. WD-11-025, 2012-Ohio-3863, ¶ 30, citing *State v. Nielsen*, 66 Ohio App.3d 609, 611, 585 N.E.2d 906 (6th Dist.1990).

4.

**{¶ 8}** "To rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise." *State v. Bock*, 16 Ohio App.3d 146, 150, 474 N.E.2d 1228 (12th Dist.1984). "[N]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Bradley*, 42 Ohio St.3d 136, 140, 538 N.E.2d 373 (1989).

**{¶ 9}** "[A] charge on the lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas*, 40 Ohio St.3d 213, 216, 533 N.E.2d 286 (1988).

**{¶ 10}** Here, we agree with appellant's contention that the trial court committed plain error in failing to instruct the jury on the meaning of lesser included offense. At the conclusion of trial, the court instructed the jury, in relevant part, as follows: "the third count is the lesser complicity to burglary. You would need to find the same facts with the exception that you would not need to find that the occupied structure is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."

**{¶ 11}** Notably, the court did not explain that the jury should move to the lesser burglary offense only if it found that the state had not proven all the elements of the

5.

greater burglary charge or could not agree on that issue. This omission was particularly significant in this case given the lack of evidence contained in the record as to the aggravating element under the greater complicity to burglary charge, namely that someone other than appellant's accomplices was present or likely to be present at Pfeil's residence during the commission of the burglary. Indeed, Pfeil testified that he generally worked long hours and stayed late on a routine basis. Further, Heberling and Shanahan testified that appellant planned the burglary in such a way as to ensure that Pfeil was at work while the crime was taking place. To that end, appellant drove to Pfeil's workplace on the day of the burglary, confirmed that Pfeil was on the job, and called Heberling and Shanahan to inform them that it was safe to proceed.

{¶ 12} We conclude that the foregoing evidence reasonably supports a finding that no individuals other than appellant's accomplices were present or likely to be present at Pfeil's residence during the commission of the burglary. By extension, we hold that the evidence reasonably supports an acquittal on the complicity to burglary charge under R.C. 2911.12(A)(2) and a conviction upon the lesser included offense of complicity to burglary in violation of R.C. 2911.12(A)(3). Therefore, the trial court erred in failing to provide the lesser included offense instruction.

{¶ 13} Accordingly, appellant's fifth assignment of error is well-taken. Having found appellant's fifth assignment of error well-taken, appellant's remaining assignments of error are moot.

6.

### III. Conclusion

{¶ 14} The judgment of the Sandusky County Court of Common Pleas is reversed and this cause is remanded to the trial court for a new trial.  Costs are hereby assessed to the state in accordance with App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                  _____
                                                                JUDGE
Stephen A. Yarbrough, J.

James D. Jensen, J.                        _____
CONCUR.                                                      JUDGE

                                                                  _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.