**CLEVELAND (City), Plaintiff-Appellee, v. COLEMAN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23385. Decided June 22, 1955.

Ralph S. Locher, Director of Law, Bernard J. Conway, Chief Police Pros., Edw. V. Cain, Asst. Police Pros., Cleveland, for plaintiff-appellee. Jean Murrell Capers, Cleveland, for defendant-appellant.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, MIDDLETON, J, of the Third District, sitting by designation in the Eighth Dstrict.)

## OPINION

By DOYLE, J:

Edward Coleman was charged under Sec. 9.1305 of the Codified Ordinances of the City of Cleveland with being a so-called "hit-skip" driver of an automobile. The ordinance is as follows:

"In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereof of any motor vehicle, the person so driving or operating such motor vehicle and having knowledge of such accident or collision, shall stop, and, upon request of the person injured or any person, give such person his name and address and in addition thereto, if not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle."

Said defendant was tried before a Judge of the Municipal Court of Cleveland without the intervention of a jury, was found guilty, and was sentenced. From the judgment rendered, an appeal has been perfected to this court.

The evidence upon which the conviction was predicated may be epitomized as follows:

One, Jerry Delfoss, while walking across Superior Avenue at East 49th Street in the City of Cleveland, was struck by an automobile traveling west on Superior Avenue. His body was propelled onto the hood of the car, and thence to the street. The circumstances of the accident were such that any driver or occupant of the car must surely have known of the collision. The automobile proceeded on without stopping.

There were but two witnesses to the accident other than the victim, who testified. One of the witnesses stated that he saw the man struck by a "light grey or green" 1950 or 1951 Buick, "about a series 70." The other witness say the victim struck by a light grey or green car. The victim could tell nothing of the car which struck him. None of these persons saw the driver, nor did they observe the license number.

Shortly after the commission of the crime, a police officer, in the conduct of an investigation, "learned of two license numbers"—one of which might have been on the car. There is no evidence indicating from what source this information came. In the process of tracing the numbers, one of them was found to have been issued for use on a light grey 1950 Buick owned by the defendant, Edward Coleman. Coleman was thereupon ordered to report to the police station, and it was then discovered that the car had "two saucer-like dents in the hood above the vents about 5 inches by 6 inches, one foot from the windshield.".

Coleman was asked what he had been doing on the previous evening (the time of the accident), and he stated that "he was at 31st (Street)

and Scovill Avenue visiting friends and had parked his car about 6:10 P. M. and did not leave the premises until about 3:30 A. M.; * * * when he came out of the house for his car he could not locate it; * * * he looked further and found it parked in the next block; * * * he did not notice at that time that there was anything wrong with it; * * * he did not see any dents on the hood; * * * had not noticed any damage until the morning of the 5th, when his wife gave him the notice to appear at the police station."

He further testified that he had not been involved in an accident on the evening in question, but had attended a party with his friends; that, when he went for his car after the party ended, he found it had been moved 60 or 70 yards from where he had parked it; and that there were no dents on the hood when he parked it before the party.

As heretofore noted, the evidence was found sufficient by the trial court to convict the defendant, beyond a reasonable doubt, of the offense of hitting the victim with his car and driving on without stopping.

It is elementary that the hearsay testimony given by the police officer, over the objection of the defendant as to the license numbers on the car in the accident, was error, and the evidence must be rejected by this court in our consideration of the sufficiency of the evidence. We must proceed to decide the case as if it were not in the record. The only remaining evidence is that the defendant owned a car of the same make and color as the one involved in the accident, with two dents in the hood which might have been caused by a person falling on it.

While it was within the trial court's power to refuse to believe the testimony of the defendant, nevertheless the mere fact of perjury cannot supply the lacking State's evidence. There must be some evidence to connect the defendant with the crime. There is none here, and to affirm this judgment would be tantamount to the pronouncement of a rule that a person may be convicted of crime on guess and speculation.

It may be that the defendant committed the crime. However, a person cannot be convicted of an offense on circumstantial evidence unless the circumstances are inconsistent with innocence. Furthermore, in order to convict, the circumstances must be proved, and must all point in the same direction, and together must be irreconcilable with any other reasonable hypothesis than that of guilt.

The judgment is reversed, and final judgment entered for the appellant.

HUNSICKER, PJ, MIDDLETON, J, concur.