CITY OF CLEVELAND HEIGHTS, Appellee,

v.

BREWER, Appellant.

[Cite as *Cleveland Hts. v. Brewer* (1996), 109 Ohio App.3d 838.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69223.

Decided March 18, 1996.

*Kim T. Segebarth,* City Prosecutor, for appellee.

*Ronald A. Skingle,* for appellant.

---

*Per Curiam.*

The trial court found defendant Yul Brewer guilty of one count of domestic violence in violation of R.C. 2919.25(A). In this appeal, he challenges the sufficiency and weight of the evidence supporting his conviction.

R.C. 2919.25, the domestic violence statute, provides:

"(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member."

A case of domestic violence may be proved when the evidence demonstrates that the defendant attempted to cause physical harm. Hence, evidence showing that the accused shoved the victim is sufficient to establish the offense. See *State v. Nielsen* (1990), 66 Ohio App.3d 609, 585 N.E.2d 906.

The city's evidence showed that defendant and his wife lived in the bottom half of a Cleveland Heights duplex. The upstairs tenant heard "screaming and bumping" coming from defendant's apartment and heard defendant's wife scream, "Get off me. Leave me alone." The neighbor went downstairs and knocked on defendant's kitchen door. She then heard defendant's wife say, "Let me out of here. Get me out of here." The wife then asked the neighbor to call the police.

The police officer responding to the scene testified that he pounded on the back door, identified himself as a police officer and heard the wife screaming, "Get him off me. Get him off me." Only after the officer threatened to break down the door did defendant open it. They found the wife visibly shaken and frightened. The neighbor testified that she saw a scratch on the wife's neck. The officer arrested defendant and asked the wife if she wished to make a voluntary statement. The wife agreed to make a statement, despite the husband's screams of "Don't sign anything." The wife wrote:

"My husband & I got in a fight. He kept yelling & getting closer to me until he hit me & ripped my uniform off. Then I hit him & scratched his face. He sat on me, choked me & hit me in my mouth. I yelled for help & [the neighbor] called the police."

We find that the city presented sufficient circumstantial evidence from which a rational trier of fact could find that defendant caused or attempted to cause physical harm sufficient to establish the elements of domestic violence. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph one of the syllabus. Evidence of bumping noises, the wife's screams for someone to "Get him off me," her pleas for someone to call the police, her agitated and distressed condition, and a scratch on her neck was sufficient to allow the trial judge to infer that defendant caused or attempted to cause physical harm.

Defendant argues that the testimony of the police officer and the neighbor is ineffectual, since neither personally witnessed the domestic violence. However, as noted in *Jenks,* circumstantial evidence possesses the same probative value as direct evidence. *Id.* Hence, the city could rely on witnesses who did not actually witness the domestic violence, but whose presence near the apartment allowed them to overhear noises indicative of physical violence.

■ This brings us to defendant's second argument, that his conviction is against the weight of the evidence. At trial, the wife testified for the city but recanted the portions of her written statement in which she had claimed that defendant had struck her. She explained that she had written the statement solely because she was upset and wanted defendant to leave the house. Her in-court testimony expressly denied any physical contact by defendant. The court declared the wife a hostile witness and permitted the city to impeach her with the prior written statement pursuant to Evid.R. 607. Defendant argues that his wife's recantation should have been afforded greater weight than the written statement.

The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Although not used as substantive evidence of the offense, the written statement could adversely affect the wife's credibility. The trial judge could reasonably conclude that the wife's written statement corresponded so closely with the testimony of the police officer and neighbor that her recantation should be afforded little or no weight. On the facts presented at trial, we find no error in the trial court's judgment. The assigned errors are overruled.

*Judgment affirmed.*

MATIA, P.J., O'DONNELL and PATTON, JJ., concur.