JOURNAL ENTRY AND OPINION
Defendant Darryle French (hereafter referred to as defendant) appeals from judgment of the trial court which found him guilty of domestic violence pursuant to R.C. 2919.25 (A). For the reasons set forth below, we affirm.
On October 22, 2000, Garfield Heights Police issued a complaint against defendant charging him with domestic violence pursuant to 2919.25 (A). Defendant pleaded not guilty. The matter proceeded to a bench trial on May 14, 2001.
The state's evidence demonstrated that on October 22, 2000, Garfield Heights Police Officer Richard Barnum responded to a domestic violence call by defendant's ex-girlfriend, Aimee Hejduk (hereafter referred to as Hejduk.) Upon arrival at Hejduk's residence, the officer observed that defendant had left the premises and that Hejduk was visibly upset, crying and holding her head. The officer testified that he noticed red marks on Hejduk's neck, about the size of a hand as if somebody had grabbed her around the neck.
Officer Barnum further testified that on that evening Hejduk stated that defendant had grabbed her by the throat and threw her down on the couch, which resulted in Hejduk banging her head on the wooden railing of the couch.
On cross-examination, Officer Barnum admitted that he did not witness the altercation between appellant and Hejduk. He also admitted that he did not notice any head injuries, bleeding or disorientation of Hejduk that would correspond with her head being banged on the rail of the couch.
Hejduk testified that she and defendant had an argument over money to care for their son. Hejduk testified that defendant did put his hands on her and pushed her on the couch, forcing her to hit her head. She admitted to calling the police that evening in order to obtain a restraining order against appellant.
On cross-examination, Hejduk admitted that she may have struck defendant. Hejduk testified that when the police arrived, she refused medical treatment. Additionally, Hejduk testified that she wrote a letter to the trial court judge to let the judge know that the night Hejduk called the police, she did not intend to press charges against defendant. The letter also requested that the domestic violence charges be dropped for the sake of the son that Hejduk and defendant have together. Hejduk admitted that the letter did not dispute that the altercation took place between defendant and Hejduk on the evening in question.
The defendant testified in his defense that he did not intend to hurt Hejduk, rather that she came at [him], and he was merely trying to restrain her. He admitted to putting his hands on her around her facial area and pushing her to the couch. Defendant denied seeing Hejduk hit her head on the railing of the couch.
Defendant was subsequently convicted of one count of misdemeanor domestic violence. The trial court issued a fine and sentenced defendant to 180 days in jail, with 170 of those days suspended. Defendant now appeals and assigns three assignments of error for our review.
 I.
Defendant's first assignment of error states:
 THE TRIAL COURT ERRED IN ALLOWING A SIGNIFICANT PORTION OF HEARSAY TO BE ADMITTED, THE EFFECT OF WHICH WAS TO DENY THE DEFENDANT HIS RIGHT TO A FAIR TRIAL.
Evid.R. 801 (C) defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
Out of court statements made by Officer Barnum were allowed into evidence over objection. Officer Barnum said that Hejduk stated on the night of the incident that the defendant grabbed her by the throat and threw her down on the couch, and smacked her head on the railing. In general, such hearsay statements are not admissible. Evid.R. 802. Appellee contends that Officer Barnum's statements were admissible as excited utterances. See Evid.R. 803(2).
A hearsay statement is admissible as an excited utterance if: (1) There was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties, and render his statement spontaneous and unreflective, (2) that the statement or declaration was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, (3) that the statement or declaration related to such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement. State v. Taylor (1993),66 Ohio St.3d 295, 300, 612 N.E.2d 316. In State v. Wallace (1988),37 Ohio St.3d 87, 88, 524 N.E.2d 466 the Ohio Supreme Court set forth the rationale behind allowing the admission of excited utterances as follows:
 The circumstances surrounding an excited utterance — a startling event, a statement relating to that event, a declarant under the stress of the event — do not allow the declarant a meaningful opportunity to reflect on statements regarding the event. Without opportunity to reflect, the chance that a statement is fabricated, or distorted due to a poor memory, is greatly reduced. This is the rationale for allowing an excited utterance into evidence.
The decision of the trial judge, in determining the admissibility of an excited utterance, should be sustained where the decision appears to be reasonable, even where the reviewing court might decide differently. State v. Taylor at 305.
In the case sub judice, Hejduk testified that after the dispute with the defendant, she called 911 to obtain a restraining order against the defendant. Officer Barnum testified that when he arrived Hejduk was visibly upset, crying and holding her head. Officer Barnum testified that Hejduk stated that the defendant grabbed her by the throat and threw her down on the couch. The dispute that had taken place that evening produced a state of nervous excitement in Hejduk sufficient to result in a spontaneous declaration to the officers responding to her call. Hejduk made the statements regarding defendant's behavior to the police officer upon arrival at the scene, within minutes after the altercation. Lastly, the statements that Hejduk made to the police about the defendant's behavior were directly related to the startling occurrence. Therefore, we find it was not unreasonable for the trial court to find that Hejduk's statements were admissible into evidence under the excited utterance exception. The first assignment of error is without merit.
 II.
Defendant's second assignment of error states:
 THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S RULE 29 MOTION WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE OF PHYSICAL HARM TO THE ALLEGED VICTIM.
Ohio's domestic violence statute S2919.25 (A) under which the defendant was convicted states in relevant part, No person shall knowingly cause or attempt to cause physical harm to a family or household member [emphasis added]. Pursuant to this section, there is no requirement that actual physical injury to the victim occurred. A case of domestic violence may be proved when the evidence demonstrates the defendant attempted to cause physical violence. City of Cleveland Heights v. Brewer (1996)109 Ohio App.3d 838, 840, 673 N.E.2d 216. In that case, this court held that evidence showing that the accused shoved the victim is sufficient to establish the offense Id.
In the case sub judice, the defendant grabbed Hejduk and threw her down onto the couch. This is sufficient to establish that the defendant attempted to cause physical harm to Hejduk. Therefore, defendant's assignment of error is not well taken.
 III.
Defendant's third assignment of error states:
 THE COURT'S DECISION FINDING THE DEFENDANT GUILTY OF DOMESTIC VIOLENCE WAS NOT SUPPORTED BY SUFFICIENT PROBATIVE EVIDENCE, AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT PHYSICAL HARM HAD BEEN CAUSED TO THE ALLEGED VICTIM.
As mentioned above, a finding that physical harm had been caused to the victim is not required to find the defendant guilty of domestic violence. Therefore, this assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., AND JAMES J. SWEENEY, J., CONCUR.