JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, defendant-appellant, Fouad Saade, claims that he was denied a fair trial by the Cuyahoga County Common Pleas Court when it decided to join two indictments against him for trial and in its admission of evidence during the course of that trial. For the reasons that follow, we affirm.
 {¶ 2} In case number CR-408810, a four-count indictment was returned against appellant charging him with three counts of felonious assault and one count of grand theft. The events giving rise to this indictment occurred on March 4, 2001 wherein it was alleged that appellant, using a vehicle owned by another and without that owner's consent, caused or attempted to cause physical harm to Jeffrey Derosett, Thomas Clark and Robbie Siegmyer.
 {¶ 3} It appears from the record that Derosett, Clark and Siegmyer were employed by K M Towing at the time of the offense. As part of their duties, they towed unauthorized cars from parking lots owned by those under contract with K M. Derosett had just connected the vehicle driven by appellant to his tow truck when appellant emerged from the building he was in and confronted Derosett. Derosett then explained K M's procedure for releasing the car, which included appellant paying a $50 drop fee. Upset about such a charge, appellant became irate, causing Derosett to call for assistance. Clark and Siegmyer then arrived at the parking lot and attempted to calm appellant and settle the dispute. Appellant eventually paid the fee and hurriedly exited the parking lot only to put the vehicle in reverse and come within approximately three feet of Derosett and the others before again exiting the parking lot and striking two parked vehicles. Derosett testified that appellant's conduct appeared intentional, causing him and the others to seek safety in order to avoid being hit.
 {¶ 4} In case number CR-409950, appellant was charged with one count of domestic violence against Andrea Polzay, who apparently is the mother of appellant's child. The events giving rise to this indictment occurred on March 15, 2001 wherein it was alleged that appellant caused or attempted to cause harm to Ms. Polzay and that appellant had a prior conviction for domestic violence.
 {¶ 5} The two cases were pretried together. Nonetheless, the record supports that counsel for both the state and for appellant were under the impression that the cases would be tried back to back or consecutive to each other. When it was discovered that it was the court's intention to try the cases together, appellant moved for severance. The state responded:
 {¶ 6} "This is the first time that this issue has been brought up and the State has proceeded as if both cases were going to be tried, you know, back to back, and that's how we've presented our witnesses. * * *."
 {¶ 7} The court thereafter denied the motion for severance and the case proceeded to trial. At the conclusion of the state's case, the court granted appellant's motion for acquittal as to the charge of felonious assault against Siegmyer and the charge of grand theft. The court's decision was premised on Siegmyer's absence at trial and the lack of proof of ownership as to the vehicle driven by appellant. The jury, nonetheless, found appellant guilty of two counts of aggravated assault, which is a lesser included offense of felonious assault, based on the offenses against Derosett and Clark. Appellant was likewise found guilty of the domestic violence charge and sentenced accordingly.
 {¶ 8} Appellant is now before this court and assigns three errors for our review.
 I. {¶ 9} In his first assignment of error, appellant contends that the trial court erred in joining the two cases for trial. In particular, he argues that the offenses charged are wholly distinct crimes and totally unrelated to each other. The state maintains that appellant failed to comply with Crim.R. 12 in requesting severance and otherwise did not preserve the error for appeal.
 {¶ 10} In general, the law favors joining multiple offenses in a single trial if the offenses charged are of the same or similar character. State v. Lott (1990), 51 Ohio St.3d 160, 163; see, also, Statev. LaMar, 95 Ohio St.3d 181, 191-192, 2002-Ohio-2128. Crim.R. 13 provides as much and permits a court to "order two or more indictments * * * to be tried together, if the offenses * * * could have been joined in a single indictment * * *." Consequently, joinder is appropriate where the evidence is interlocking and the jury is capable of segregating the proof required for each offense. State v. Czajka (1995), 101 Ohio App.3d 564,577-578. Nonetheless, if it appears that a criminal defendant would be prejudiced by such joinder, then the trial court is required to order separate trials. Crim.R. 14.
 {¶ 11} Prejudice is not demonstrated if one offense would have been admissible as "other acts" evidence under Evid.R. 404(B) or if the evidence of each crime joined at trial is simple and direct. Lott,51 Ohio St.3d at 163. As long as used for purposes other than proving that the accused acted in conformity with a particular character trait, Evid.R. 404(B) permits the admission of "other acts" evidence if it is "related to and share[s] common features with the crime in question."State v. Lowe (1994), 69 Ohio St.3d 527, paragraph one of the syllabus.
 {¶ 12} It is the defendant, however, who bears the burden of demonstrating prejudice and that the trial court abused its discretion in denying severance. State v. Coley, 93 Ohio St.3d 253, 2001-Ohio-1340; see, also, State v. LaMar, 95 Ohio St.3d 181, 191-192, 2002-Ohio-2128. In the event that the trial court denies severance, the defendant must renew his or her opposition to the joinder of indictments for trial either at the close of the state's case or at the conclusion of all evidence. Failure to do so constitutes a waiver of any previous objection to their joinder. State v. Owens (1975), 51 Ohio App.2d 132, 146; State v.Fortson (Aug. 2, 2001), Cuyahoga App. No. 78240, 2001 Ohio App. Lexis 3404.
 {¶ 13} We are at a loss to see how the trial court could have found the offenses underlying these two indictments similar in character so as to justify their joinder. Nonetheless, while appellant opposed the joinder of these two indictments for trial, he failed to renew his objection at the close of the state's evidence or at the conclusion of all evidence. Appellant has, therefore, waived all but plain error. See Crim.R. 52(B); see, also, State v. Walker (1990), 66 Ohio App.3d 518,522; State v. Brady (1988), 48 Ohio App.3d 41, 44; State v. Owens,51 Ohio App.2d at 146. An appellate court reviewing a proceeding for plain error must examine the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the alleged error had not occurred. State v. Slagle (1992), 65 Ohio St.3d 597,604-605. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 14} Confining our review as such, we find no plain error associated with appellant's convictions in this case. While we may question the trial court's decision to join these two cases for trial, we conclude that the outcome of trial would not have been different even if appellant's cases were tried separately. A jury very likely would have found that appellant, in a foul mood for having to pay $50 to release his vehicle from being towed, operated this vehicle so as to attempt to cause physical harm to Derosett and Clark, in violation of R.C. 2903.12. Both Derosett and Clark testified to that effect. Consequently, the outcome of the trial, as it pertains to appellant's conviction for aggravated assault, would not have been different had it been tried separately from that of the charge for domestic violence.
 {¶ 15} The same is true of the appellant's conviction for domestic violence. R.C. 2919.25(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." There is no dispute that Ms. Polzay is a family or household member. What is disputed is whether appellant caused physical harm to Ms. Polzay.
 {¶ 16} The record reveals that Ms. Polzay's written statement to the police differed markedly from her testimony at trial. At trial, Detective Larry Kirkwood testified that he was sent to Ms. Polzay's apartment in response to a report of domestic violence. He found Ms. Polzay very upset and observed a "large scrape to her right arm as well as a large contusion and it had swollen to the point where it was starting to deform." Ms. Polzay stated to the officer that appellant appeared at her apartment looking for something. They argued and, while Ms. Polzay was trying to push him out of her apartment, appellant pushed her into the hallway and into a door frame across the hall. Ms. Polzay subsequently made a written statement to that effect. At trial, Ms. Polzay did not deny making the statements to the officer but she recanted those portions wherein she stated that appellant struck or pushed her. Claiming she exaggerated in hopes that appellant would get in trouble, she testified that appellant stepped aside as she pushed him and that she fell as a result. With this recanted testimony, appellant appears to argue that there is no direct evidence that he caused Ms. Polzay's injuries.
 {¶ 17} Notwithstanding the lack of direct evidence, circumstantial evidence would suffice. State v. Jenks (1991), 61 Ohio St.3d 259; see, also, Cleveland Hts. v. Brewer (1996), 109 Ohio App.3d 838, 840. Moreover, the written statement given by Ms. Polzay to Officer Kirkwood, although not used as substantive evidence at trial, was used for impeachment purposes, thereby adversely affecting her credibility. To the extent that Ms. Polzay recanted that portion of her statement implicating appellant as the person who struck her, the trial court was free to afford her in-court testimony little or no weight. Cleveland Hts. v. Brewer,109 Ohio App.3d at 841; see, also, State v. Lesho (Oct. 23, 1998), 11th Dist. App. No. 97-T-0161, 1998 Ohio App. Lexis 5021. It is well established that the weight to be given the evidence and the credibility of witnesses are issues to be decided by the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 18} Consequently, the outcome of the trial, as it pertains to appellant's conviction for domestic violence, would not have been different had it been tried separately from that of the charge for felonious assault.
 {¶ 19} Appellant's first assignment of error is not well taken and is overruled.
 II. {¶ 20} In his second assignment of error, appellant contends that the trial court admitted testimony that was tantamount to hearsay, over defense objection.
 {¶ 21} Appellant cites several instances in which the trial court permitted a witness to testify based on what that witness learned after having a conversation with a non-testifying witness. Appellant argues that such testimony is tantamount to hearsay and the trial court should have excluded that testimony upon objection. In particular, appellant complains that the trial court, in essence, permitted (1) Officer Kirkwood to testify as to a conversation the officer had with an individual who accompanied appellant to Ms. Polzay's apartment, which would have supported the domestic violence charge; (2) Det. Hamilton to testify as to a conversation the detective had with the owner of the vehicle appellant was driving on the night of March 4, 2001, which would have supported the grand theft charge; (3) Det. Kauchek to testify as to a conversation this detective had with Ms. Polzay, which would have supported the domestic violence charge; (4) Det. Hamilton to testify as to the statement made by Siegmyer, the missing victim in one of the felonious assault charges, and this statement's consistency with Derosett's statement, which would have supported the felonious assault charge involving Siegmyer; and (5) Det. Kaucheck to testify as to this detective's further investigation into subsequent domestic violence charges filed against appellant by Ms. Polzay.
 {¶ 22} Generally, a trial court has broad discretion in determining the admissibility of evidence, so long as it exercises that discretion "in line with the rules of procedure and evidence." Rigby v.Lake Cty. (1991), 58 Ohio St.3d 269, 271. Hearsay is defined as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Unless a valid exception applies, hearsay is inadmissible. Evid.R. 802.
 {¶ 23} Appellant relies on several cases wherein the statements of a witness were held inadmissible when such statements were based on what that witness learned from another, non-testifying witness. See Bryans v.English Nanny and Governess School, Inc. (1996), 117 Ohio App.3d 303;Cleveland v. Coleman (App. 1955), 72 Ohio Law Abs. 94; State v. Cassidy
(Mar. 6, 1990), 10th Dist. No. 88-AP-1054, 1990 Ohio App. Lexis 818;State v. Mason (Nov. 9, 1983), 9th Dist. No. 11182, 1983 Ohio App. Lexis 14418. Even if we were to find that the trial court erred in admitting the testimony of which appellant complains, any error associated with its admission would be harmless. An error is harmless and can be disregarded if it does not affect a criminal defendant's substantial rights. Crim.R. 52(B).
 {¶ 24} Initially we note that appellant was acquitted of the charges for grand theft and felonious assault of Siegmyer. Consequently, because this testimony did not contribute to a conviction on these charges, the error is harmless and will not serve as grounds for a reversal. State v. Sova (Apr. 9, 1998), Cuyahoga App. Nos. 71923 
71924, 1998 Ohio App. Lexis 1512. As to the remaining testimony, appellant has not demonstrated prejudice, i.e., that the outcome of the trial would have been different without this testimony.
 {¶ 25} As pertains to the convictions for aggravated assault, the jury could have found the testimony of Derosett and Clark as competent credible evidence sufficient to support those convictions. The same is true of the conviction for domestic violence. Despite the inconsistencies between Ms. Polzay's written statement and her trial testimony as discussed in Section I, there existed sufficient evidence from which the fact finder could have concluded that appellant had been the perpetrator of the violence against Ms. Polzay even in the absence of the officers' testimony.
 {¶ 26} Consequently, appellant's second assignment of error is not well taken and is overruled.
 III. {¶ 27} In his third assignment of error, appellant claims that the cumulative effect of the above errors denied him a fair trial. Because we find no reversible error associated with appellant's first two assignments of error, this assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., CONCURS, COLLEEN CONWAY COONEY, J., CONCURSIN JUDGMENT ONLY.