JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Tawanda Wring ("defendant"), appeals from her conviction for theft as being against the weight and sufficiency of the evidence. For the reasons that follow, we affirm.
 {¶ 2} Defendant initially entered the diversion program. Thereafter, she pled guilty and then withdrew her guilty plea. Defendant waived her right to a jury and the matter proceeded to a bench trial.
 {¶ 3} According to the victim, he met defendant on February 26, 2002 and exchanged phone numbers. Defendant later called the victim and he agreed to pick her up from her cousin's house. The couple returned to the victim's home where they drank and talked until they fell asleep. The next day, defendant went upstairs alone, while the victim remained on the first floor. The victim then drove defendant home.
 {¶ 4} After returning home, the victim discovered that $1,000 was missing from a drawer in his upstairs bedroom. He last saw the money on February 25, 2002. The victim lived alone. He stated that besides him no one was in the house between February 25th and 27th except the defendant. The victim drove back to defendant's house and spoke to her mother and the mother's boyfriend. According to the victim, defendant's cousin noticed she had spent a lot of money around that time.
 {¶ 5} The investigating officer testified that the victim made a police report on February 27, 2002, which was consistent with the victim's trial testimony. According to the officer, the victim did not want to pursue any charges if he could get his money back. The victim gave the officer the phone number the defendant had given him. When the officer called the number, a person answered and identified himself as defendant's stepfather. The stepfather informed the officer that he would try to get the money back from defendant but she had probably already spent some of it. The officer later spoke with a person who identified herself as defendant's mother. The victim never received any money and charges were filed against defendant.
 {¶ 6} Although defendant admitted she signed papers in connection with the diversion program, she claimed she did so at the direction of her attorneys. Defendant claimed she does not know how to read and that she withdrew her plea because she was not guilty. At trial, defendant denied knowing the victim, denied ever being at his house, and denied stealing any money from him.
 {¶ 7} The trial court found defendant guilty of theft, a felony of the fifth degree. Defendant appeals her conviction and raises two assignments of error for our review.
 {¶ 8} "I. The trial court erred in denying appellant's motion for acquittal as to the charges when the State failed to present sufficient evidence to sustain a conviction.
 {¶ 9} "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 11} Defendant first argues the evidence is insufficient because the State offered nothing beyond the victim's testimony that would prove he ever had the money. The relevant analysis, however, under a sufficiency claim requires us to view the evidence in a light most favorable to the State. Accordingly, the State presented sufficient evidence to support the theft conviction through the victim's testimony.
 {¶ 12} A reviewing court may find a verdict to be against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52. To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. Thompkins,
supra at 387. There were various factors that corroborated the victim's version of events, including his knowledge of defendant's recent pregnancy, the location of her home, and the phone number of her family members. The evidence also includes testimony that the family members observed defendant spending a lot of money during the time in question. Having reviewed the entire record, we do not believe that the factfinder clearly lost its way in rendering its judgment.
 {¶ 13} Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, J, and McMONAGLE, J, CONCUR.