OPINION *Page 2 
{¶ 1} Defendant-Appellant, Christopher D. Spade appeals his conviction and sentence by the Delaware Municipal Court for domestic violence, in violation of R.C. 2919.25(A). Plaintiff-Appellee is the State of Ohio. The facts giving rise to this appeal are as follows.
 {¶ 2} Appellant resides in Lewis Center, Delaware County, Ohio with Adrienne Hutchins, the mother of his child. On August 19, 2007, deputies from the Delaware County Sheriff's Office reported to the residence to investigate an incident of domestic violence. Adrienne Hutchins called the police to her home after Appellant slapped her on the face, hit her in the head with a closed fist and shoved her into a wall in the kitchen while she held their son in her arms. Ms. Hutchins stated that the couple had an argument regarding the care of Appellant's dog. The argument escalated after each party objected to the use of inappropriate language in front of their child. Ms. Hutchins stated that while she was upstairs, Appellant slapped her in the face. She then grabbed their child and fled downstairs to use her cell phone to call the police. Appellant grabbed the cell phone from her, started to punch her in the head, and shoved her into the wall.
 {¶ 3} Ms. Hutchins fled the home with her son and drove away in her car. She called the police while in the car. She circled the block a few times and did not return to the home until she saw that Appellant had driven away from the residence in his car.
 {¶ 4} After taking Ms. Hutchins's statement, Deputy Butler photographed Ms. Hutchins's injuries to her face. Deputy Butler observed slight redness and swelling to the left side of Ms. Hutchins's face, underneath her eyes. Deputy Butler contacted *Page 3 
Deputy Whatley on patrol and directed him to arrest Appellant. Deputy Whatley found Appellant parked at the Below Dam recreation area of the Delaware Alum Creek State Park. The deputy placed Appellant under arrest and transported him to the Delaware County Sheriff's Office.
 {¶ 5} Appellant was given his Miranda rights and was interviewed by Deputy Whatley, where Appellant denied Ms. Hutchins's version of the incident. Appellant stated that he threatened to smack her face if she used inappropriate language in front of their son again, but denied striking her. He agreed that he had taken the cell phone from her when she tried to call the police.
 {¶ 6} Appellant was charged by way of complaint in the Delaware Municipal Court on one count of Domestic Violence, in violation of R.C. 2919.25(A), and one count of Assault, in violation of R.C. 2903.13(A). The matter came on for trial before a jury on February 21, 2008. The jury found Appellant guilty of Domestic Violence and not guilty of Assault. At the conclusion of Appellee's case, Appellant raised a Crim. R. 29 motion for acquittal. In a judgment entry filed February 29, 2008, the trial court denied Appellant's motion. It is from this decision Appellant now appeals.
 {¶ 7} Appellant raises one Assignment of Error:
 {¶ 8} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL, WHERE (1) THERE WAS A FACTUAL VARIANCE BETWEEN THE ORIGINAL COMPLAINT AND THE FINAL JURY INSTRUCTIONS AND (2) THE STATE FAILED TO OFFER SUFFICIENT EVIDENCE AS A MATTER OF LAW THAT APPELLANT CAUSED PHYSICAL HARM TO THE PROSECUTING WITNESS. THIS ERROR BY THE TRIAL COURT DEPRIVED APPELLANT OF HIS *Page 4 
RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION."
 {¶ 9} Appellant argues in his sole Assignment of Error that the trial court erred in overruling his Crim. R. 29 motion for acquittal based upon two issues that arose at trial. First, Appellant states that there was an inconsistency between the jury instructions and the complaint charging Appellant with Domestic Violence, resulting in a fatal variance depriving Appellant of his due process rights. Second, Appellant's conviction was against the sufficiency of the evidence.
 {¶ 10} Appellant raises both issues pursuant to Crim. R. 29. In determining whether a trial court erred in overruling a Crim. R. 29 motion for acquittal, the reviewing court focuses on the sufficiency of the evidence. See, e.g., State v. Carter (1995), 72 Ohio St.3d 545, 553,651 N.E.2d 965, 974; State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492 at 503.
 {¶ 11} When reviewing a claim of sufficiency of the evidence, an appellate court's role is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Contrary to a manifest weight argument, a sufficiency analysis raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the *Page 5 
essential elements of the crime proven beyond a reasonable doubt."State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
 {¶ 12} Appellant first contends in his Assignment of Error that his defense was materially prejudiced in that he failed to receive notice of the charge against him consistent with due process because Appellee was not required to prove the precise allegation in the complaint, i.e. that Appellant attempted to cause physical harm to Ms. Hutchins. Appellant argues in the second prong of his Assignment of Error that evidence of Ms. Hutchins's physical injuries were such that no rational trier of fact could have found the elements of "cause physical harm" were proven beyond a reasonable doubt. At most, Appellant states, the evidence could have sustained a conviction for "attempting to cause physical harm," but the complaint did not allege that specific conduct.
 {¶ 13} As stated in the complaint, the elements of domestic violence are set forth in R.C. 2919.25(A) as follows:
 {¶ 14} "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 15} The "to wit" portion of the complaint stated further:
 {¶ 16} "On August 19, 2007, Christopher Spade did strike Adrienne Hutchins, his live in girlfriend and mother of his child, with an open fist numerous times about the head. In doing this, Adrienne did receive visible injury to the left side of her face."
 {¶ 17} Appellant states that he was never on notice that attempt would be an issue in the case, because the complaint and evidence at trial were exclusively directed at whether Ms. Hutchins received a visible injury, i.e. that Appellant caused physical *Page 6 
harm to Ms. Hutchins. As such, he was unable to present a defense on the element of "attempted to cause" and was materially prejudiced by the variance. Appellant objected to these matters when the parties reviewed the jury instructions with the trial court. (T. 298-300). Appellant argued against the inclusion of "attempt" in the jury instructions, as the proof of the manner of committing the offense of "attempt to cause physical harm" was not in complaint.[1] In its judgment entry on Appellant's Crim. R. 29 motion, the trial court found no conflict between the charging complaint and the jury instructions on the elements of R.C. 2919.25(A). (Judgment Entry, Feb. 29, 2008).
 {¶ 18} In criminal actions, a "variance" is generally a conflict or disagreement between the charging instrument, i.e., the indictment, information, or affidavit, and the proof in a matter essential to the charge. State v. Brozich (1923), 108 Ohio St. 559, paragraph one of the syllabus. Crim. R. 33(E)(2) provides that no conviction shall be reversed because of a variance between the allegations and the proof thereof, unless the accused is misled or prejudiced thereby. See, also, R.C. 2941.26. The determination of whether a variance is prejudicial must be made on the facts of each case. United States v. Mills (C.A.6, 1966),366 F.2d 512, 514.
 {¶ 19} "In determining whether a variance affects the substantial rights of an accused, it is also necessary to consider the role of the charging instrument in informing the accused of the nature of the charges against him so that he may prepare a defense." City of Hamiltonv. Bradley (April 11, 1994), Hamilton App. No. CA92-11-217 citingState v. Sanders (Aug. 12, 1980), Clark App. Nos. 1429, 1430, unreported. "Furthermore, a variance in the proof of the manner of committing a crime that is not even suggested by any allegations in the charging instrument will necessarily prejudice *Page 7 
the accused and require reversal of a conviction based solely upon this varied evidence. See State v. Lewis (1970), 21 Ohio St.2d 203,257 N.E.2d 59, paragraphs two and three of the syllabus; Trimble v.Bucyrus (S.Ct. 1880), 9 Ohio Dec. 832, paragraph three of the syllabus." Id.
 {¶ 20} In State v. Lewis, supra, the decisive case regarding a fatal variance, the state had charged the defendant with conspiring to defraud a hospital. The state's bill of particulars alleged two manners in which the hospital was allegedly defrauded, but the only proof presented by the state at trial on the issue was different from both these manners. The Ohio Supreme Court found that the proof of the manner in which the hospital was defrauded was "not even suggested by any allegations of the indictment or by any bill of particulars thereunder," and therefore, the defendant was "necessarily" prejudiced." Id. at 212.
 {¶ 21} Appellant argues the complaint only alleged that Appellant caused physical harm to Ms. Hutchins, resulting in a visible injury. Upon our review of the charging instrument in this case, we find no fatal variance between the allegations of the complaint and the evidence presented at trial. First, Appellee put Appellant on notice of the charges through the compliant, which recited R.C. 2919.25(A), "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." The complaint recited all of the essential elements of R.C. 2919.25(A). Appellant did not request a bill of particulars in his discovery request. Second, the complaint stated that, "[o]n August 19, 2007, Christopher Spade did strike Adrienne Hutchins, his live in girlfriend and mother of his child, with an open fist numerous times about the head." Finally, at trial, Ms. Hutchins testified, *Page 8 
 {¶ 22} "Q. * * * First of all, the slapping of you, about how many times did he slap you initially when you — when you — he was first upstairs?
 {¶ 23} "A. I think he only made contact twice, maybe three times, but he was swinging at me; and of course I'm throwing my hands up in the air and I'm trying to get away from him at the same time, * * *." (T. at 177-178).
 {¶ 24} Unlike State v. Lewis, supra, we do not find the theory, description, or essential identity of the crime charged, Domestic Violence, was changed by the evidence presented at trial. We cannot find Appellant's defense was hindered by the charging complaint, the evidence presented at trial and the corresponding jury instructions. Moreover, Appellant did not object to these matters until after the jury was charged.
 {¶ 25} The finding that Appellant suffered no prejudice at trial due to the inclusion of all of the elements of R.C. 2919.25(A) leads us then to the second issue raised in Appellant's Assignment of Error. Based in part upon our finding above, we further conclude Appellant's conviction for Domestic Violence was not against the sufficiency of the evidence.
 {¶ 26} Under a sufficiency of the evidence analysis, this Court does not weigh the evidence, but only reviews questions of law in a light most favorable to the prosecution. "Physical harm" is defined as, "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.02(A)(3). Appellant argues Appellee failed to prove the element of "physical harm" as the evidence did not show any "visible injury" to Ms. Hutchins. "Visible injury" is not the definition of "physical harm." Further, R.C. 2919.25 does not require the state to prove that a victim has *Page 9 
sustained actual injury since a defendant can be convicted of domestic violence for merely attempting to cause physical harm to a family member. State v. Nielsen (1990), 66 Ohio App.3d 609, 585 N.E.2d 906. "Attempt" occurs "when a person knowingly engages in conduct that, if successful, would result in physical harm." R.C. 2923.02.
 {¶ 27} We find Appellant's argument unpersuasive that Appellee was required to demonstrate "visible injury" in order to prove the essential element of physical harm. And as we found above, the charging complaint also stated Appellant was charged with attempting to cause physical harm, which does not require Appellee to prove actual physical harm. Upon our review of the record, we find there was sufficient evidence presented to sustain Appellant's conviction of Domestic Violence, in violation of R.C. 2919.25(A).
 {¶ 28} Accordingly, Appellant's sole Assignment of Error is overruled.
 {¶ 29} The judgment of the Delaware Municipal Court is affirmed.
Delaney, J. Gwin, P.J. and Wise, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware Municipal Court is affirmed. Costs assessed to appellant.
[1] We note the trial court had already charged the jury at the time of Appellant's objection. *Page 1