[Cite as *State v. Bagwell*, 2019-Ohio-3187.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                                                  No.  107922

    v.                                :

CHARLES BAGWELL,                        :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 8, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-629368-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrew T. Gatti and Callista Plemel, Assistant Prosecuting Attorneys, *for appellee.*

Michael H. Murphy, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1}  Defendant-appellant, Charles Bagwell, appeals his convictions. He raises three assignments of error for our review:

1. There was insufficient evidence presented to convict the defendant of the charges.

2. The defendant's conviction was against the manifest weight of the evidence.

3. The trial court erred in denying appellant's motion for acquittal pursuant to Ohio Criminal Rule 29, where evidence is not sufficient to support a conviction.

{¶ 2} Finding no merit to his assignments of error, we affirm.

## I. Procedural History and Factual Background

{¶ 3} On June 5, 2018, a Cuyahoga County Grand Jury indicted Bagwell for one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree; one count of obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree; and one count of harassment by an inmate in violation of R.C. 2921.38(B), a felony of the fifth degree. Bagwell pleaded not guilty to the charges.

{¶ 4} Bagwell waived his right to a trial by jury, and the following evidence was presented to the bench.

{¶ 5} T.N. testified that she dated Bagwell for approximately four years and had lived with him and her mother in a duplex on Bunts Road in Lakewood, Ohio for approximately two and a-half years. She testified that the police came to her home numerous times over the years for arguments between her and Bagwell.

{¶ 6} T.N. stated that on June 1, 2018, Bagwell and she were in their bedroom when they began arguing. She testified that Bagwell had used cocaine earlier that evening. She said the argument escalated and that Bagwell slapped her

across the face. She said that she "saw stars" and put ice on her face because it was "extremely red." T.N. called 911 and told the officer that her boyfriend hit her "so hard that it amplified [her] ear" and that her head was "swelling up." The police arrived, took pictures of T.N. and Bagwell, and arrested Bagwell.

{¶ 7} On cross-examination, when T.N. was asked about a picture taken of her face shortly after she called police, T.N. agreed that she did not see any red marks, scratching, or bruising.

{¶ 8} Lakewood Police Officer Michael Patton testified that he was working on June 1, 2018, when he received an assignment to transfer Bagwell from Lakewood Hospital and book him into the jail. He testified that Bagwell was sitting in the common area of the jail as a corrections officer placed a mat into Bagwell's individual holding cell. Officer Patton testified that Bagwell, who was cooperative with officers up until that point, became defiant and refused to go into his cell. Officer Patton said he tried talking to Bagwell and help him to his feet, but that Bagwell refused to move and "lock[ed] his body in an affixed fashion." Officer Patton yelled for other officers to assist in moving Bagwell into the cell. While trying to move Bagwell, Officer Patton testified that Bagwell "locked his legs around the fixed table" and that officers pried his legs off the table. He testified that once they got Bagwell into his cell, Bagwell jumped to his feet, yelled profanities at the officers, and spit at Officer Patton. Officer Patton said that the spit landed on his vest.

{¶ 9} The state played two videos showing different camera angles of the jail incident and submitted a picture that was taken of Officer Patton's "carrier"

showing where the spit landed. The state also submitted journal entries from four prior criminal cases in which Bagwell was convicted of one count of menacing by stalking (Cuyahoga C.P. No. CR-04-459361) and three counts of domestic violence (Cuyahoga C.P. Nos. CR-10-543966, CR-09-529859, and CR-08-514751).

{¶ 10} The state rested, and Bagwell moved for an acquittal under Crim.R. 29, which the trial court denied.

{¶ 11} Bagwell was the only witness to testify in his defense. He stated that on June 1, 2018, he was high on crack and that T.N. attacked him in the bedroom in an attempt to grab a crack pipe from Bagwell. He said that T.N. scratched and smacked him, and he identified pictures taken of his hand and face that showed scratches allegedly from T.N. He said that T.N.'s mother called the police, not T.N., and he denied smacking T.N. Bagwell testified that as he was being led out of the duplex by police, he head-butted two different windows, cracking one and completely shattering the other, but maintained that the scratches on his body were from T.N. and not from the windows.

{¶ 12} Bagwell explained that he was taken to the Lakewood Police Department, but subsequently transferred to Lakewood Hospital due to medical complications he suffered from a car accident.

{¶ 13} As to the incident in the jail, Bagwell testified that he asked the corrections officer for an additional mat to be placed in his cell, but that the officer refused. Bagwell said that he was pushed to the ground and that officers began choking and punching him. He said that he asked the officers to help him up but

that they decided to drag him into the cell instead.  He said that he wrapped his legs around the table because he did not want to be dragged into the cell due to his medical issues.  He stated that he did not resist the officers, and he denied spitting on Officer Patton.

{¶ 14} On cross-examination, Bagwell admitted that he told a different officer that he spit on Officer Patton.

{¶ 15} Bagwell then renewed his Crim.R. 29 motion, which the trial court, again denied.

{¶ 16} The trial court found Bagwell guilty of domestic violence and harassment by an inmate, but not guilty of obstructing official business.  The trial court sentenced Bagwell to an 18-month prison term for domestic violence[1] and a 12-month prison term for harassment by an inmate and ran the sentences concurrent to one another.  The trial court advised Bagwell that he was subject to a three-year mandatory term of postrelease control for his domestic violence conviction and a three-year discretionary term of postrelease control for his harassment by an inmate conviction.  The trial court waived costs and fines based on Bagwell's indigence.

{¶ 17}  It is from this judgment that Bagwell now appeals.

---

[1] Bagwell's conviction for domestic violence was enhanced because he was previously convicted of domestic violence in 1997, 2007, 2008, 2009, and 2010, which was included in his presentence investigation report.

## II. Law and Analysis

### A. Sufficiency

{¶ 18} In his first and third assignments of error, Bagwell argues that there was insufficient evidence to support his convictions for domestic violence and harassment by an inmate.

{¶ 19} Crim.R. 29(A) provides for an acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." A sufficiency challenge essentially argues that the evidence presented was inadequate to support the jury verdict as a matter of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "'The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Getsy*, 84 Ohio St.3d 180, 193, 702 N.E.2d 866 (1998), quoting *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "[A] conviction based on legally insufficient evidence constitutes a denial of due process." *Thompkins* at 386, citing *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed. 652 (1982). When reviewing a sufficiency of the evidence claim, we review the evidence in a light most favorable to the prosecution. *State v. Hill*, 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996).

### 1. Domestic Violence

{¶ 20} Bagwell was convicted of domestic violence in violation of R.C. 2919.25(A), which states, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶ 21} Bagwell argues that there was insufficient evidence to show that T.N. suffered physical harm because the picture of her face did not show any bruising, red marks, or scratches. However, under R.C. 2901.01(A)(3), "physical harm" encompasses any injury, "regardless of its gravity or duration."

{¶ 22} Further, "R.C. 2919.25(A) does not require the state to prove that a victim has sustained actual injury since a defendant can be convicted of domestic violence for merely attempting to cause physical harm to a [household] member." *State v. Spade*, 5th Dist. Delaware No. 08 CAC 04 0017, 2009-Ohio-2004, ¶ 26, citing *State v. Nielsen*, 66 Ohio App.3d 609, 585 N.E.2d 906 (6th Dist.1990). We have recognized that principle on a number of occasions. *See State v. Stover*, 8th Dist. Cuyahoga No. 104388, 2017-Ohio-291, ¶ 15, citing *Cleveland v. Amoroso*, 8th Dist. Cuyahoga No. 100983, 2015-Ohio-95 ("[A]n offender does not have to cause a tangible injury to his victim in order to be convicted of domestic violence in violation of R.C. 2919.25(A)."); *Strongsville v. Beall*, 8th Dist. Cuyahoga No. 103051, 2016-Ohio-1222, ¶ 7 (A defendant can be convicted of domestic violence under R.C. 2919.25(A) "even without a tangible injury * * * [if there is evidence that the defendant] was attempting to cause physical harm[.]").

**{¶ 23}** Here, T.N. testified that Bagwell smacked her face and that she "saw stars." While T.N. did not suffer a visible injury, the above case law establishes that there was still sufficient evidence to convict Bagwell of domestic violence because T.N.'s testimony established that Bagwell attempted to cause her physical harm.

**{¶ 24}** Bagwell correctly points out that T.N., the victim, was the only witness to testify; however, we have consistently held that a victim's testimony can constitute sufficient evidence for a conviction. *See State v. Bacho*, 8th Dist. Cuyahoga No. 93828, 2010-Ohio-4885, ¶ 13 ("S.W.'s testimony provides ample support for appellant's conviction of these charges."); *State v. Wring*, 8th Dist. Cuyahoga No. 85711, 2005-Ohio-5443, ¶ 11 (The state "presented sufficient evidence to support the theft conviction through the victim's testimony."); *State v. Williams*, 8th Dist. Cuyahoga No. 57464, 1990 Ohio App. LEXIS 5221, 5 (Nov. 29, 1990) ("A victim's testimony * * * is sufficient to obtain and sustain a rape conviction.").

**{¶ 25}** In fact, in *Amoroso*, 8th Dist. Cuyahoga No. 100983, 2015-Ohio-95, we stated:

> Amoroso contends that his conviction was not supported by sufficient evidence because it was based solely upon Patricia's testimony. He maintains that there was no physical evidence of her injuries. Looking at the evidence in a light most favorable to the state, however, Patricia's testimony was sufficient to establish that Amoroso committed domestic violence against her beyond a reasonable doubt.

*Id.* at ¶ 30.

**{¶ 26}** As a result, we find T.N.'s testimony constituted sufficient evidence to convict Bagwell of domestic violence.

## 2. Harassment by an Inmate

{¶ 27} Bagwell was also convicted of harassment by an inmate under R.C. 2921.38(B), which states,

> No person, with intent to harass, annoy, threaten, or alarm a law enforcement officer, shall cause or attempt to cause the law enforcement officer to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the law enforcement officer, expelling the bodily substance upon the law enforcement officer, or in any other manner.

{¶ 28} Bagwell argues that there was insufficient evidence to show that he spit on Officer Patton because the video footage from the jail "seems unclear" and because Officer Patton failed to preserve his vest and take a sample of the spit. We disagree.

{¶ 29} An officer's testimony that the defendant spit on him is sufficient evidence to convict the defendant under R.C. 2921.38(B). *See State v. Pierce*, 2017-Ohio-8578, 100 N.E.3d 860, ¶ 52 (8th Dist.) ("The testimony of Officers Davis, Petitt, and Hoover, if believed, is sufficient to establish that Pierce caused the officers to come into contact with his blood by expelling the spit and blood in his mouth upon the officers. Accordingly, Pierce's convictions for harassment by an inmate are supported by sufficient evidence."); *State v. Hammock*, 2d Dist. Montgomery No. 24664, 2012-Ohio-419, ¶ 13 ("The State presented sufficient evidence to support a finding that Hammock, acting with intent to harass or annoy officer Drerup, caused Drerup to come into contact with a bodily substance, saliva, by expelling it upon the officer. This finding is supported by the testimony of Drerup and two other officers

who watched the spitting incident."). Officer Patton testified that Bagwell spit on him and took a picture of his vest showing a wet mark next to his name tag. Therefore, we find that there was sufficient evidence to support Bagwell's conviction for harassment by an inmate.

{¶ 30} Accordingly, we overrule Bagwell's first and third assignments of error.

## B. Manifest Weight

{¶ 31} In his second assignment of error, Bagwell argues that his convictions were against the manifest weight of the evidence.

{¶ 32} A challenge to the manifest weight of the evidence tests whether the prosecution has met its burden of persuasion. *Thompkins*, 78 Ohio St.3d at 390, 678 N.E.2d 541. On review from a manifest weight challenge, the appellate court is tasked with reviewing all of the evidence in the record and in resolving the conflicts therein, determining whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at 387. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.* Moreover, this court recognizes that the "weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact[.]" *State v. Peterson*, 8th Dist. Cuyahoga Nos. 100897 and 100899, 2015-Ohio-1013, ¶ 73, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

{¶ 33} Bagwell argues that his convictions were against the manifest weight of the evidence because (1) T.N. lacked credibility, he denied smacking T.N., and the photographic evidence does not show that T.N. suffered an injury, and (2) Officer Patton failed to preserve his vest for testing the spit.

{¶ 34} Here, the trial court heard testimony from T.N. and Bagwell concerning the domestic-violence incident and testimony from Officer Patton and Bagwell concerning the jail incident. It also heard testimony and reviewed exhibits showing no visible injuries on T.N.'s face and heard Officer Patton testify that he did not preserve his vest on which Bagwell spit. Additionally, the state submitted T.N.'s 911 call in which she testified that she saw stars.

{¶ 35} Despite, as Bagwell puts it, the lack of corroborating evidence and issue of preservation, the trial court found T.N. and Officer Patton to be more credible than Bagwell. Given that credibility determinations are primarily for the trier of fact, we will not disturb the trial court's determination on appeal. After a review of the evidence, we cannot say that the trier of fact "clearly lost its way" and created a manifest miscarriage of justice warranting reversal.

{¶ 36} Accordingly, we overrule Bagwell's second assignment of error.

{¶ 37} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN A. GALLAGHER, J., CONCUR