[Cite as *State v. Ford*, 2013-Ohio-1883.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2012CA00142 |
| CORTYCO C. FORD | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Alliance Municipal Court,
                                 Case No. 2012CRB00669

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          April 29, 2013

APPEARANCES:

For Appellant:                   For Appellee:

BETH A. LIGGETT                  ANDREW L. ZUMBAR
Stark County Public Defender's Office   Alliance City Law Director
200 W. Tuscarawas Ave., Suite 200   470 E. Market St.
Canton, OH 44702                 Alliance, OH 44601

*Delaney, J.*

{¶1} Defendant-Appellant Cortyco C. Ford appeals his conviction and sentence by the Alliance Municipal Court for one count of Domestic Violence in violation of R.C. 2919.25, a misdemeanor of the first degree.

## FACTS AND PROCEDURAL HISTORY

{¶2} The Alliance Police Department arrested Defendant-Appellant Cortyco C. Ford on one charge of Domestic Violence in violation of R.C. 2919.25, a misdemeanor of the first degree. Ford pleaded not guilty to the charge. A jury trial was held in the Alliance Municipal Court on June 28, 2012. The following evidence was adduced at trial.

{¶3} On April 24, 2012, the Alliance Police Department responded to a call for assistance from Lisa Krepps at her residence on Summit Street in the City of Alliance, Stark County, Ohio. Defendant-Appellant Cortyco C. Ford was waiting in front of the home when Sergeant Akenra X arrived. Sgt. X testified Ford seemed agitated. Ford stated to Sgt. X that he and Krepps had gotten into a verbal argument and Ford did not touch Krepps.

{¶4} Sgt. X entered the home and spoke with Krepps. Krepps and Ford have two children together. Krepps and Ford reside together with their two children and Ford's four children from prior relationships. While Krepps and Ford live together, they are not romantically involved.

{¶5} Krepps testified she and Ford had an argument about the usage of the Ohio Directional Card. The argument started in one room, but Krepps left the room to use the bathroom. Ford came into the bathroom while Krepps was seated on the

toilet. He kicked at her and ended up kicking the wall beside her about a foot away from her head, because she moved over to the side.

{¶6} Krepps left the bathroom and went into the bedroom. Ford and Krepps continued arguing. Ford pointed his index finger into Krepps' forehead. Krepps started walking down the stairs and Ford came up behind her. He shoved the bottom part of his palm into the back of her head. It caused her an instant headache. She called 911 and told them she needed the police at her home.

{¶7} Krepps testified there were red marks on her neck area after her argument with Ford. She told the police officers she did not know how she got the red marks on her neck. She knew she did not have red marks before the argument with Ford. Sgt. X took photographs of the red marks on Krepps' neck. Krepps did not seek medical attention after the incident.

{¶8} The jury found Ford guilty of Domestic Violence. The trial court sentenced Ford to 30 days in jail and suspended 20 days. The trial court gave Ford credit for 8 days served. The trial court also sentenced Ford to attend anger management classes and pay fines and court costs.

{¶9} Ford filed an appeal of his conviction and sentence.

**ASSIGNMENTS OF ERROR**

{¶10} Ford raises one Assignment of Error:

{¶11} "APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**ANALYSIS**

{¶12} Ford argues in his sole Assignment of Error his conviction for domestic violence was against the manifest weight of the evidence. We disagree.

{¶13} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶14} R.C. 2919.25(A) states, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Ford argues the jury lost its way in convicting Ford of domestic violence because there was no visible physical injury to Krepps attributable to Ford. R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶15} The jury determined Ford's actions caused harm or attempted to cause physical harm to Krepps. Krepps testified she did not have red marks on her neck before her argument with Ford and she had the marks after her argument with Ford. Sgt. X observed the red marks on Krepps' neck and took photographs of the marks. Ford kicked at Krepps while she sat on the toilet but Krepps moved, causing Ford to

kick the wall near her head. While walking down the stairs, Ford hit Krepps in the back of her head with his hand, causing her a headache.

{¶16} R.C. 2919.25 does not require the State to prove the victim sustained any actual injury, "since a defendant can be convicted of domestic violence for merely *attempting* to cause physical harm." *State v. Ward*, 10th Dist. No. 10AP-293, 2010-Ohio-4614, ¶ 9 citing *State v. Nielsen*, 66 Ohio App.3d 609, 612, 585 N.E.2d 906 (6th Dist.1990); *State v. Blonski*, 125 Ohio App.3d 103, 114, 707 N.E.2d 1168 (9th Dist.1997) ("A defendant may be found guilty of domestic violence even if the victim sustains only minor injuries, or sustains no injury at all.").

{¶17} It appears the facts of this case demonstrate the verdict was not against the manifest weight of the evidence.

{¶18} The sole Assignment of Error of Defendant-Appellant Cortyco C. Ford is overruled.

## CONCLUSION

{¶19} The judgment of the Alliance Municipal Court is affirmed.

By: Delaney, J.

Gwin, P.J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

PAD:kgb

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff - Appellee               :        JUDGMENT ENTRY
                                       :
                                       :
-vs-                                   :
                                       :        Case No.    2012CA00142
CORTYCO C. FORD                        :
                                       :
    Defendant - Appellant              :
                                       :

       For the reasons stated in our accompanying Opinion on file, the judgment of the

Alliance Municipal Court is affirmed.  Costs assessed to Appellant.

                              _____
                              HON. PATRICIA A. DELANEY


                              _____
                              HON. W. SCOTT GWIN


                              _____
                              HON. SHEILA G. FARMER