[Cite as *State v. Szarell*, 2019-Ohio-5175.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DUSTIN D. SZARELL | : | Case No. 2019 CA 00028 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2018 CR 00924



JUDGMENT:      Affirmed



DATE OF JUDGMENT:      December 9, 2019



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JENNY GONZALEZ-WELLS         JAMES ANZELMO
20 South Second Street               446 Howland Drive
Fourth Floor                         Gahanna, OH  43230
Newark, OH  43055

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Dustin D. Szarell appeals the April 4, 2019 judgement of conviction and sentence of the Court of Common Pleas of Licking County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 11, 2018, appellant and his wife Danielle went to Reynoldsburg to visit Danielle's mother Luan Smith. Danielle was 8 months pregnant at the time. While at Smith's home, Danielle was using appellant's phone because hers had a dead battery. While using the phone, Danielle saw something on appellant's phone that upset her and she confronted appellant.

{¶ 3}   The two began arguing. When the argument got loud Luan asked them to stop, but they continued. Appellant then walked over to Danielle, who was seated on a loveseat, and rammed his knee into Danielle's thigh. Luan noted that Appellant rammed Danielle so hard that Danielle's belly shifted. Danielle immediately began crying.

{¶ 4}   Luan told appellant she was calling police. While she was on the phone, appellant was on his knees begging Danielle to refrain from "sending him to jail." He then got up and became loud and confrontational again. Luan told him to leave and he complied.

{¶ 5}   Reynoldsburg Police Officer Hanna Evans responded to Smith's home at approximately 5:45 p.m. She found Danielle upset, her face flushed, and her eyes red. Medics who were on standby came in to take a look at Danielle. She had no observable injury.

{¶ 6}   While that was going on, Reynoldsburg Police Officer Nathan Grodhaus attempted unsuccessfully to locate appellant. He then joined Officer Evans who was speaking with Danielle. Danielle refused transport to the emergency room, and did not submit a written statement.

{¶ 7}   Appellant was subsequently charged with domestic violence, a felony of the fifth degree. He pled not guilty and opted to proceed to a jury trial which took place on April 4, 2019. The state presented evidence from Smith, Evans, and Grodhaus who provided the above outlined facts. Appellant presented evidence from Danielle who testified appellant simply "nudged" her leg.

{¶ 8}   After hearing all the evidence and deliberating, the jury found appellant guilty as charged. He was sentenced to a mandatory 6 months incarceration.

{¶ 9}   Appellant filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 10} "DUSTIN SZARELL'S CONVICTION IS BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE I OF THE OHIO CONSTITUTION."

II

{¶ 11} "DUSTIN SZARELL'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE I OF THE OHIO CONSTITUTION."

III

{¶ 12} "DUSTIN SZARELL RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT OT THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I, II

{¶ 13} We address appellant's first and second assignments of error together. In his first assignment of error, appellant argues his conviction is not supported by sufficient evidence. In his second assignment of error, he argues his conviction is against the manifest weight of the evidence. We disagree.

{¶ 14} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio

App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 15} Appellant was charged with domestic violence pursuant to R.C. 2919.25(A) and (D)(1)(5) which provides:

(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

* * *

(D)(1) Whoever violates this section is guilty of domestic violence, and the court shall sentence the offender as provided in divisions (D)(2) to (6) of this section.

* * *

(5) Except as otherwise provided in division (D)(3) or (4) of this section, if the offender knew that the victim of the violation was pregnant at the time of the violation, a violation of division (A) or (B) of this section is a felony of the fifth degree, and the court shall impose a mandatory prison term on the offender pursuant to division (D)(6) of this section * * * .

{¶ 16} Appellant argues that the evidence failed to show he caused or attempted to cause harm to Danielle, focusing on the lack of any visible injury. But the victim of a domestic violence need not suffer actual physical harm in order to support a conviction under R.C. 2919.25(A). Rather, an attempt to cause harm is sufficient. *State v. Ford*, 5th

Dist. Stark No. 2012CA142, 2013-Ohio-1883 ¶ 16. Smith described and demonstrated for the jury appellant's attempt to cause physical harm by ramming his knee into Danielle's thigh "it looked like as hard as he could." T. 81. This action by appellant is sufficient to support the element of causing or attempting to cause harm. We therefore reject appellant's sufficiency argument.

{¶ 17} Appellant next argues his conviction is against the manifest weight of the evidence because Smith was not believable vis-a-vis Danielle. It is well settled, however, that the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The jury was free to accept or reject any or all of the evidence offered by the parties and assess the witness's credibility. Indeed, the jurors need not believe all of a witness's testimony, but may accept only portions of it as true. *State v. Raver*, Franklin App. No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). Upon review, we find nothing to indicate the jury in this matter lost it way in making its credibility determinations and believing Smith over Danielle.

{¶ 18} Appellant's first and second assignments of error are overruled.

III

{¶ 19} In his final assignment of error, appellant argues his counsel rendered ineffective assistance by failing to request the trial court waive court costs. We disagree.

{¶ 20} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the

result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 21} We have previously addressed this issue in *State v. Davis*, 5th Dist. Licking No. 17-CA-55 2017-Ohio-9445, wherein we determined the following at ¶ 27:

> We find no merit in Appellant's allegation that he received ineffective assistance of counsel as a result of his attorney failing to request that the trial court waive court costs. Because R.C. 2947.23(C) grants appellant the ability to seek waiver of costs at any time, including after sentencing, Appellant has not been prejudiced by the failure of his counsel to request a waiver at sentencing.

{¶ 22} In support of his argument that failure of counsel to request a waiver of court costs at sentencing constitutes ineffective assistance, appellant cites *State v. Springer*, 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861. *Springer* conflicts with our decision in *Davis*, and that matter has been accepted for review by the Supreme Court of Ohio upon our certification of a conflict. We held in *State v. Ramsey*, 5th Dist. Licking No. 17-CA-76, 2018-Ohio-2365, as we hold here; "[u]nless a decision is rendered on the issue to the contrary in the future, this Court will continue to abide by its decision in *Davis*." *Id*. See

also *State v. Somers,* 5th Dist. Muskingum No. CT2018-0013, 2018-Ohio-4625; *State v. Bowen*, 5th Dist. Muskingum No. CT2017-0103, 2018-Ohio-4220.

{¶ 23} Appellant's final assignment of error is overruled.

{¶ 24} The judgment of the Licking County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.

EEW/rw