[Cite as *State v. Hale*, 2020-Ohio-1399.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 19 CA 14 |
| TARASHA D. HALE | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
    Pleas, Case No.  18 CR 0019


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 8, 2020


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

JOSEPH A. FLAUTT    JAMES A. ANZELMO
PROSECUTING ATTORNEY    ANZELMO LAW
111 North High Street    446 Howland Drive
New Lexington, Ohio  43764    Gahanna, Ohio  43230

*Wise, J.*

{¶1}  Defendant-Appellant Tarasha D. Hale appeals the imposition of fines and court costs by the Perry County Court of Common Pleas following a guilty plea to one count of aggravated trafficking in drugs

{¶2}  Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}  The relevant facts and procedural history are as follows:

{¶4}  On April 18, 2019, Defendant-Appellant, Tarasha Hale, pleaded guilty to one count of aggravated trafficking in drugs, a third degree felony, in violation of R.C. 2925.03. (Plea T. at 5).

{¶5}  On June 24, 2019, the trial court sentenced Appellant to eighteen (18) months in prison, pursuant to a jointly recommended sentence between the defense and prosecution. (Sent. T. at 4-5). The trial court also ordered Hale to pay a $5,000 fine and court costs. (Sent. T. at 4-5).

{¶6}  During sentencing, Appellant did not request a waiver of fine and court costs. (Sent. T at 4-5).

{¶7}  Appellant had previously filed an affidavit of indigency in December, 2018, and by Entry filed January 3, 2019, the trial court had appointed counsel at state expense due to Appellant's indigence.

{¶8}  On July 1, 2019, Appellant's counsel moved for a waiver of the fine after sentencing.

{¶9}  On July 3, 2019, the trial court denied the motion.

{¶10} Appellant now appeals, raising the following assignment of error for review:

**ASSIGNMENT OF ERROR**

{¶11} "I. HALE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION. "

**I.**

{¶12} In her sole assignment of error, Appellant argues she was denied the effective assistance of counsel. We disagree.

{¶13} Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶14} Trial counsel is entitled to a strong presumption all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675, 693 N.E.2d 267 (1998). In addition, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's

performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, *quoting Strickland* at 697, 104 S.Ct. 2052. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

{¶15} Appellant herein argues her counsel was ineffective in failing to move the trial court for waiver of fines and costs at the time of sentencing.

{¶16} R.C. §2947.23 provides for costs to be included in a criminal sentence. In all criminal cases a judge must include in the sentence the costs of prosecution and render a judgment against the defendant for such costs, even if the defendant is indigent. R.C. §2947.23(A)(1)(a). However, a trial court retains jurisdiction to waive, suspend, or modify the payment of the costs "at the time of sentencing or at any time thereafter." R.C. 2947.23(C). A trial court may waive court costs - but it is not required - if a defendant is indigent. *State v. Hawkins*, 4th Dist. Gallia No. 13CA3, 2014-Ohio-1224, ¶ 18; *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶ 9.

{¶17} Under our previous decisions, we would have found no merit in Appellant's assertion that he received ineffective assistance of counsel. Our rationale in our previous cases was that because R.C. §2947.23(C) provides the ability to seek waiver of costs at any time, including after sentencing, Appellant has not been prejudiced by counsel's failure to request a waiver at sentencing. Appellant is not foreclosed from filing a request at a later time. *See State v. Davis,* 5th Dist. Licking No. 17-CA-55, 2017-Ohio-9445, ¶ 31; *accord State v. Szarell*, 5th Dist. Licking No. 2019 CA 00028, 2019-Ohio-5175, ¶ 22.

{¶18} However, in *State v. Davis*, Slip Opinion No. 2020-Ohio-309, decided February 4, 2020, the Ohio Supreme Court addressed this issue and held that, when an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a court must objectively consider the facts and circumstances to determine whether the defendant established the necessary prejudice sufficient to support that claim (i.e. but for counsel's deficient performance, a reasonable probability exists that the result of the proceeding would have been different). The Court also pointed out that a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel requested the court to do so. For example, if a court finds that a defendant has the ability to work and pay court costs in the future, the court may decide to not waive court costs.

{¶19} This Court must look at all the circumstances that the defendant sets forth in attempting to demonstrate prejudice and determine whether there is a reasonable probability that the trial court would have granted a motion to waive costs had one been made. *Davis, supra*, at ¶15

{¶20} In the case *sub judice*, because counsel for Appellant moved for a waiver of fines and costs after sentencing, we have the benefit of actually knowing whether Appellant has demonstrated that a reasonable probability exists that, had his trial counsel moved the trial court to waive court costs, the trial court would have granted the motion. *Davis, supra*. Here, the trial court had the motion before it, considered it, and denied it. We therefore find no prejudice to Appellant in this case based on counsel's failure to file the motion prior to or at the sentencing in this matter.

**{¶21}**  Base on the foregoing, Appellant's sole assignment of error is overruled.

**{¶22}**  Accordingly, the judgment of the Court of Common Pleas, Perry County, Ohio, is affirmed.


By: Wise, J.

Gwin P. J., and

Baldwin, J., concur.


JWW/d 0401